# EXHIBIT A

**ALABAMA SJIS CASE DETAIL**





**PREPARED FOR: HUTCHINSON KRISTEN**

County: **30**    Case Number: **CV-2021-900148.00**    Court Action:
Style: **SHANE KENDALL V. RONALD GIBSON ET AL**

**Real Time**

| Images | | | | |
|---|---|---|---|---|
| **Date:** | **Doc#** | **Title** | **Description** | **Pages** |
| 11/23/2021 8:54:13 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 11/23/2021 8:54:13 PM | 2 | COMPLAINT | | 30 |
| 11/23/2021 8:54:55 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 6 |
| 11/23/2021 8:54:55 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 5 |
| 11/29/2021 3:07:37 PM | 5 | PRE TRIAL ORDER | PRE TRIAL ORDER | 2 |
| 11/29/2021 3:07:41 PM | 6 | ORDER - TRANSMITTAL | E-NOTICE TRANSMITTALS | 7 |
| 1/21/2022 12:46:29 PM | 7 | RETURNED MAIL | MAILER - STATUS REVIEW DOCKET | 4 |
| 1/26/2022 10:35:15 AM | 8 | COPY OF COMPLAINT | Civil Cover Sheet and Complaint | 31 |
| 1/26/2022 10:35:20 AM | 9 | ALIAS SUMMONS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 7 |
| 1/26/2022 10:35:20 AM | 10 | ALIAS SUMMONS - SUMMONS | E-NOTICE TRANSMITTALS | 1 |
| 1/26/2022 10:57:40 AM | 11 | COPY OF COMPLAINT | Civil Cover Sheet and Complaint | 31 |
| 1/26/2022 10:57:44 AM | 12 | ALIAS SUMMONS - TRANSMITTAL | E-NOTICE TRANSMITTALS | 7 |
| 1/26/2022 10:57:44 AM | 13 | ALIAS SUMMONS - SUMMONS | E-NOTICE TRANSMITTALS | 1 |

 *END OF THE REPORT*

ELECTRONICALLY FILED
11/23/2021 8:54 PM
30-CV-2021-900148.00
CIRCUIT COURT OF
ESCAMBIA COUNTY, ALABAMA
JOHN FOUNTAIN, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case: 30<br><br>Date of Filing:<br>11/23/2021 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA
### SHANE KENDALL v. RONALD GIBSON ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☐ Business ☑ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☑ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING     A ☐ APPEAL FROM DISTRICT COURT     O ☐ OTHER

R ☐ REMANDED     T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO     Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

DIG002     11/23/2021 8:54:11 PM     /s/ GEORGE RICHARD DIGIORGIO
_____     Date     _____
                                    Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

ELECTRONICALLY FILED
11/23/2021 8:54 PM
30-CV-2021-900148.00
CIRCUIT COURT OF
ESCAMBIA COUNTY, ALABAMA
JOHN FOUNTAIN, CLERK

## IN THE CIRCUIT COURT OF ESCAMBIA COUNTY ALABAMA

**SHANE KENDALL,**
**Plaintiff**

**v.**

**RONALD GIBSON, individually;**
**RICHARD HETRICK, individually;**
**JUSTIN HETRICK, individually;**
**OFFICER MARTIN, individually;**
**OFFICER MISSISSIPPI,**
**individually;** *No. 1*, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity known only to the Plaintiff as, Richard Hetrick, Ronald Gibson, Officer Martin, Officer Mississippi, Justin Hetrick, and **John Does 1-3** whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who physically struck the Plaintiff at anytime while he was incarcerated at the Escambia County Jail in violation of his Constitutional rights; **John Does 4-6,** whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who established policy and procedures that allowed or encouraged the corrections officers an jailers at the Escambia County Jail to use excessive force or cruel and unusual punishment against Plaintiff in 2019 and/or 2020; **Does 7-9,** whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who failed to train and/or supervise or improperly supervised and/or trained the corrections officers an jailers at the Escambia County Jail in 2019 and/or 2020 as complained of in Plaintiff's complaint; **John Does 10-12,** whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who failed to intervene to prevent the Plaintiff from being deprived of his constitutional rights on the occasions set forth in Plaintiff's complaint.  Plaintiff

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CIVIL ACTION NO.:**

avers that the identity of the Fictitiously )
named Party Defendants is otherwise )
unknown to Plaintiff at this time, or, if their )
names are known to Plaintiff at this time )
their identity as proper Party Defendants is )
not known to Plaintiff at this time; but their )
true names will be substituted by )
amendment when the aforesaid lacking )
knowledge is ascertained. )
**Defendants,** )

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Shane Kendall, by and through his undersigned counsel, and brings this action against Defendants and shows unto this honorable court the following:

## NATURE OF ACTION

1.      This is a civil case brought for violation of the common law of the State of Alabama, and for violations of civil rights brought by Plaintiff pursuant to 42 U.S.C. §§ 1983 and 1988 alleging violation(s) of the rights, privileges, and immunities secured and guaranteed to Plaintiff by the Eighth and Fourteenth Amendment to the United States Constitution, while Plaintiff was a pre-hearing detainee in custody in the Escambia County Jail in Brewton, Alabama.

2.      This is an action for compensatory, general, and punitive damages. Plaintiff requests this honorable court to declare that the acts and/or omissions by the Defendants were unconstitutional under the Constitution of the United States; and by an award of compensatory, general, and punitive damages, compensate him for the violations of his constitutional rights and sufficient to deter the Defendants and others of such unconstitutional acts and/or omissions in the future.

## PARTIES

3.      Plaintiff, **SHANE KENDALL** (hereinafter "Plaintiff" or "Mr. Kendall"), is or was a resident of Escambia County, Alabama and is over the age of nineteen (19) years. At all times relevant to this complaint Kendall was a pre-hearing detainee in the custody of the Escambia County Jail in Brewton, Alabama for a technical probation violation.

4.      Defendant, **RICHARD HETRICK** (hereinafter "Warden Hetrick") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra,* Defendant Warden Hetrick was a commander for Escambia County Sheriff's Office and serving as the Warden at Escambia County Jail in Brewton, Alabama. Defendant Warden Hetrick is sued exclusively in his individual capacity

5.      Defendant, **RONALD GIBSON** (hereinafter "Gibson") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra,* Defendant Gibson was employed by the Escambia County Sheriff's Office and was serving as a Correctional Officer at Escambia County Jail. Defendant Gibson is sued in his individual capacity.

6.      Defendant, **OFFICER MARTIN** (hereinafter "Martin") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra,* Defendant Martin was employed by the Escambia County Sheriff's Office and was serving as a Correctional Officer at Escambia County Jail. Defendant Martin is sued in his individual capacity.

7.      Defendant, **OFFICER MISSISSIPPI** (hereinafter "Mississippi") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra,* Defendant Mississippi was

employed by the Escambia County Sheriff's Office and was serving as a Correctional Officer at Escambia County Jail. Defendant Mississippi is sued in his individual capacity.

8.     Defendant**, JUSTIN HETRICK** (hereinafter "Justin") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra,* Defendant Justin was employed by the Brewton Alabama Police Department and is the son of Defendant Warden Hetrick. Defendant Justin is sued in his individual capacity.

9.     Defendants **JOHN DOES 1-3** (hereinafter "John Does1-3") upon information and belief, are above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra,* Defendants were employed by the Escambia County Sheriff's Office and were serving as a Correctional Officers at Escambia County Jail. Defendants are sued in their individual capacity.


## JURIDICTION AND VENUE

10.     Jurisdiction and venue are proper as the incidents involved occurred in Brewton, Escambia County, Alabama and within the Judicial District of the Circuit Court for Escambia County, Alabama.

## FACTUAL ALLEGATIONS

11.     On or about November 23, 2019, Mr. Kendall was booked into the Escambia County Jail in Brewton, Alabama for a charge of a technical probation violation.

12.     Shortly after arriving, Mr. Kendall was made to sit in a restraint chair to which he was secured by handcuffs on both hands and leg shackles on both legs. Once Mr. Kendall was

fully secured to the chair with handcuffs and leg shackles, without justification, Defendant Gibson violently punched and slapped Mr. Kendall in the head, face and chest multiple times.

13.     After Gibson finished his violent assault on Mr. Kendall, Mr. Kendall was placed in a holding cell still cuffed and shackled to the restraint chair.

14.     The beating administered by Gibson on Mr. Kendall was severe enough to cause injuries to Mr. Kendall including whelps, bruises, swelling, lacerations and bleeding. Mr. Kendall asked for medical attention and to have a "body chart" report filled out but his requests for both were denied.

15.     Later that afternoon, on November 23, 2019, Officer Goshen allowed Mr. Kendall out of the restraint chair, cuffs, and shackles for a short time to eat and use the restroom.

16.     After Mr. Kendall ate and used the restroom, he was told that he had to get back into the chair, cuffs, and leg shackles. Mr. Kendall begged and pleaded not to be placed back in the chair and restraints to no avail. He was once again unnecessarily confined to the restraint chair with his hands and legs shackled to the chair.

17.     At or around 4:00 p.m. on November 23, 2019, Mr. Kendall, still cuffed and shackled to the chair, was moved to the stairwell of Unit 2 of Escambia County Jail where he was left all evening, overnight, and into the next day. During this time, Mr. Kendall continued to be restrained in an uncomfortable position, not allowed free from handcuffs and leg shackles to the chair, denied access to water, and denied access to a toilet.

18.     The next morning, or on or about, November 24, 2019, at approximately 7:00 a.m., Defendants Gibson, Mississippi, and Martin came to the stairwell of Unit 2 where Mr. Kendall was still handcuffed and shackled to the chair and violently assaulted him by punching

him multiples times in the head, face, and chest without justification. The beating administered by Gibson, Martin and Mississippi was severe enough to cause whelps, bruises, swelling, lacerations, bleeding, and black eye. This attack, like the previous attack by Gibson, was unjustified. Mr. Kendall was cuffed and shackled to a chair and stairwell at the time and Mr. Kendall posed no threat to Gibson, Martin, Mississippi, or anyone else at the time. As in the first assault, Mr. Kendall again asked for medical treatment and a "body chart" to be filled out but was denied both again.

19.    A short time later, on November 24, 2019, Mr. Kendall asked to be taken to Warden Hetrick. Once in Warden Hetrick's office Mr. Kendall complained about the assaults, the unnecessary cuffing and shackling to the chair for approximately 18 hours, and the lack of medical treatment and "body charts". Mr. Kendall was scared that he would continue to be assaulted by said Defendant corrections officers and pleaded with Warden Hetrick to do something about the assaults and his conditions of confinement. Hetrick's response to Mr. Kendall was "it is what it is" and denied any medical treatment or shielding from further attacks.

20.    On or about December 4th, 2019, Mr. Kendall was released from Escambia County Jail for his probation violation.

21.    On or about February 19, 2020, Defendant was again booked into to Escambia County Jail on a charge of a technical probation violation.

22.    Shortly after arriving and during the booking process Mr. Kendall showered and was getting ready to change into jail issued clothing. As Mr. Kendall was coming out of the shower, Defendant Gibson, approached Mr. Kendall and threw a jail issued outfit at him that was 2-3 sizes too small. As Mr. Kendall started trying to explain to Gibson that at 300 lbs. he could not fit into the large size jail clothes Gibson had given him, but before Mr. Kendall could finish

his sentence, Defendant Gibson started to assault Mr. Kendall, by repeatedly punching him in the head and face. Defendants Justin, John Does 1-3 who were standing close by also not only failed to intervene but instead jumped in and started punching and hitting Mr. Kendall while Warden Hetrick stood by, watching, and failing to intervene.

23.     As a result of this violent assault on Mr. Kendall, he sustained multiple injuries to his body, including being bruised, swollen, and bloodied with blood coming out of his mouth and ears. Despite these injuries, Mr. Kendall was once again denied medical treatment and a body chart.

24.     Defendants Gibson, Martin, Mississippi, Justin, John Does 1-12, and Warden Hetrick, acting under color of state law and pursuant to a widespread custom and practice of the Escambia County Sheriff's Department, unconstitutionally deprived Mr. Kendall of his rights.

**CAUSES OF ACTIONS**

**Incidents on November 23, 2019**

**COUNT I**

**Violations of 42 U.S.C. § 1983 – Excessive Force in Violation of Mr. Kendall's 8th and 14th Amendment Rights (Against Gibson)**

25.     Paragraphs 3, 5, 10, 11 through 17, are incorporated by reference herein as if set out in full.

26.     At all times material hereto, Mr. Kendall had a constitutionally protected right to be free from the use of excessive force without justification.

27.     On or about November 23, 2019, Gibson and/or John Does 1-3 intended to cause, and did cause offensive, painful contact to Mr. Kendall while acting under the color of state law.

28.     Gibson and/or John Does 1-3 repeatedly hit and punched Mr. Kendall repeatedly while Mr. Kendall was restrained, handcuffed, and shackled to a chair, by both hands and legs.

29.     At all material times, it would have been readily apparent to a reasonably competent officer, having due regard for Mr. Kendall's constitutional rights, that the use of physical force employed against Mr. Kendall, who was physically restrained in a chair with cuffs and leg shackles, was unjustified and was in violation of clearly established law and human decency. At all material times, any reasonably competent officer having a reasonable degree of training and expertise, should have known that there was no constitutional or legally justifiable basis to use excessive force against Mr. Kendall.

30.     Gibson and/or John Does 1-3, while acting under the color of state law as a corrections officer for Escambia County Sheriff's Office, deprived Mr. Kendall of rights secured to him by the Constitution of the United States of America. Gibson and/or John Does 1-3 assaulted Mr. Kendall while he was in custody, handcuffed and shackled and secured to a chair. Gibson's actions show conscious and deliberate indifference to a right to be free of excessive force, as guaranteed by the 8th and 14th Amendment, which was well-known to Gibson and/or John Does 1-3 at the time.

31.     Gibson and/or John Does 1-3's actions constitute conscious and deliberate indifference to Mr. Kendall's rights under the 8th and 14th Amendment of the U.S. Constitution and his conscious and deliberate indifference to those rights was the producing and proximate cause of Mr. Kendall's injuries.

32.     Gibson and/or John Does 1-3's acts violated Mr. Kendall's clearly established constitutional rights, and every reasonable police officer would have understood that what he did violated those rights.

33.     As a direct and proximate result of the wrongful conduct of Gibson and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

### COUNT II –

**Violations of 42 U.S.C. § 1983 – Summary Punishment in Violation of Mr. Kendall's 8th and 14th Amendment Rights (Against Gibson)**

34.     Paragraphs 3, 5, 10, 11 through 17 are incorporated by reference herein as if set out in full.

35.     Every citizen of the United States is guaranteed due process of law prior to loss of life, liberty, or property by the 14th Amendment to the U.S. Constitution. Gibson and/or John Does 1-3 assaulted Mr. Kendall after Mr. Kendall was in custody and cuffed and shackled to a chair. Gibson took it upon himself to punish Mr. Kendall by assaulting him, injuring him.

36.     No reasonable officer could have believed it was reasonable to assault a man who was handcuffed and shackled to a chair. At the time he was assaulted, Mr. Kendall posed no threat to the officer or the public. Regardless of how angry Mr. Kendall made Gibson and/or John Does 1-3 during this time, Mr. Kendall deserved and was guaranteed due process prior to punishment. It appears that Gibson and/or John Does 1-3 intended to cause harm and

punish Mr. Kendall and forcing Mr. Kendall to be unnecessarily cuffed and shackled to a chair for approximately 18 hours was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known constitutional rights.

37.     Gibson and/or John Does 1-3 acted under color of state law when he assaulted Mr. Kendall. Gibson's actions demonstrated his conscious and deliberate indifference to Mr. Kendall's right to due process. Gibson and/or John Does 1-3's conscious and deliberate indifference to Mr. Kendall's rights under the 14th Amendment was the proximate and producing cause of Mr. Kendall's injuries.

38.     As a direct and proximate result of the wrongful conduct of Gibson and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT III

### Violations of 42 U.S.C. § 1983 – Deliberate Indifference To Medical Needs
### (Against Gibson)

39.     Paragraphs 3, 5, 10, 11 through 17 are incorporated by reference herein as if set out in full.

40.     Once a person is in the custody of the Sheriff, the custodial officer or deputy has a duty to provide for his safety and secure medical aid for the person if he is injured.

41.     Gibson and/or John Does 1-3 violated Mr. Kendall's 8th and 14th Amendment rights by failing to secure medical attention for Mr. Kendall immediately after assaulting and injuring him. Again, it appears that Gibson and/or John Does 1-3's intention was for Mr. Kendall to suffer and refusal to promptly secure medical attention was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known

constitutional rights. Gibson and/or John Does 1-3's failure to secure medical attention for Mr. Kendall in a timely fashion was the proximate and producing cause of Mr. Kendall's injuries.

42.    As a direct and proximate result of the wrongful conduct of Gibson and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

<u>COUNT IV</u>

**Violations of 42 U.S.C. § 1983 - Cruel and Unusual Punishment**
**(Against Gibson)**

43.    Paragraphs 3, 5, 10, 11 through 17 are incorporated by reference herein as if set out in full.

44.    Because Mr. Kendall was in custody on November 23, 2019, when he was assaulted by Gibson and/or John Does 1-3, Gibson and/or John Does 1-3 violated Mr. Kendall's 8th and 14th Amendment right to be free of cruel and unusual punishment. While it is granted that in a custodial setting, not every push or shove constitutes excessive force or cruel and unusual punishment, the force used by Gibson and/or John Does 1-3 in physically assaulting Mr. Kendall while handcuffed and shackled to a chair, depriving him of medical treatment, and continuing to handcuff him to a chair overnight constituted cruel and unusual punishment. Specifically, there was no need to use any force at all against Mr. Kendall when Gibson and/or John Does 1-3 repeatedly punched him while he was handcuffed and shackled to a chair. Gibson's actions were grossly disproportionate to the need under the circumstances and were motivated by malice and for the very purpose of causing harm. Gibson and/or John

Does 1-3's actions were not in good faith and were done in deliberate indifference to Mr. Kendall's constitutional rights. Mr. Kendall suffered injury as result of Gibson's unconstitutional, cruel and unusual punishment.

45.     As a direct and proximate result of the wrongful conduct of Gibson and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT V

### State Law Claim -Assault & Battery
### (Against Gibson)

46.     Paragraphs 3, 5, 10, 11 through 17 are incorporated by reference herein as if set out in full.

47.     While Mr. Kendall were incarcerated at Escambia County Jail, Defendant, Gibson and/or John Does 1-3, wrongfully and without justification physically assaulted Mr. Kendall.

48.     Gibson and/or John Does 1-3's actions and/or inactions employing excessive force were done willfully, maliciously, wantonly, in bad-faith, and beyond his/her authority.

49.     As a direct and proximate result of the assault and battery alleged above, Mr. Kendall suffered bodily injury and resulted in pain and suffering, mental anguish, and loss of capacity of enjoyment of life.

**Incidents on November 24,2019**

## COUNT VI-
### Violations of 42 U.S.C. § 1983 – Excessive Force in Violation of Mr. Kendall's 8th and 14th Amendment Rights
### (Against Defendants Gibson, Martin, and Mississippi)

50.     Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

51.     At all times material hereto, Mr. Kendall had a constitutionally protected right to be free from the use of excessive force without justification.

52.     On or about November 24th, 2019, Gibson, Martin, Mississippi and/or John Does 1-3 intended to cause, and did cause offensive, painful contact to Mr. Kendall while acting under the color of state law.

53.     Gibson, Martin, Mississippi and/or John Does 1-3 repeatedly hit and punched Mr. Kendall while Mr. Kendall was restrained, handcuffed, and shackled to a chair.

54.     At all material times, it would have been readily apparent to a reasonably competent officer, having due regard for Mr. Kendall's constitutional rights, that the use of physical force employed against Mr. Kendall, who was physically restrained in a chair with cuffs and leg shackles, was unjustified and was in violation of clearly established law. At all material times, any reasonably competent officer having a reasonable degree of training and expertise, should have known that there was no constitutional or legally justifiable basis to use excessive force against Mr. Kendall.

55.     Gibson, Martin, Mississippi and/or John Does 1-3 while acting under the color of state law as corrections officers for Escambia County Sheriff's Office, deprived Mr. Kendall of rights secured to him by the Constitution of the United States of America. Gibson, Martin, Mississippi and/or John Does 1-3 assaulted Mr. Kendall while he was in custody, handcuffed and shackled and secured to a chair. Gibson, Martin, Mississippi and/or John Does 1-3's actions show conscious and deliberate indifference to a right to be free of excessive force, as guaranteed by the 8th and 14th Amendment, which was well-known to Defendants at the time.

56.     Gibson, Martin, Mississippi and/or John Does 1-3's actions constitute conscious and deliberate indifference to Mr. Kendall's rights under the 8th and 14th Amendment of the U.S. Constitution and their conscious and deliberate indifference to those rights was the producing and proximate cause of Mr. Kendall's injuries.

57.     Gibson, Martin, Mississippi and/or John Does 1-3 acts violated Mr. Kendall's clearly established rights, and every reasonable police officer would have understood that what they did violated those rights.

58.     As a direct and proximate result of the wrongful conduct of Gibson, Martin Mississippi and/or John Does 1-3 the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## **COUNT VII–**
**Violations of 42 U.S.C. § 1983 – Summary Punishment in Violation of Mr. Kendall's 8th and 14th Amendment Rights**
**(Against Defendants Gibson, Martin, and Mississippi)**

59     Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

60.     Every citizen of the United States is guaranteed due process of law prior to loss of life, liberty or property by the 14th Amendment to the U.S. Constitution. Gibson, Martin, Mississippi and/or John Does 1-3 assaulted Mr. Kendall after Mr. Kendall was in custody and cuffed and shackled to a chair. Defendants took it upon themselves to punish Mr. Kendall by assaulting him and injuring him.

61.     No reasonable officer could have believed it was reasonable to assault a man who was handcuffed and shackled to a chair. At the time he was assaulted, Mr. Kendall posed

no threat to the officers or the public. Regardless of how angry Mr. Kendall made Gibson, Martin, Mississippi and/or John Does 1-3 during this time, Mr. Kendall deserved and was guaranteed due process prior to punishment. It appears that Gibson, Martin, Mississippi and/or John Does 1-3 intended cause harm and punish Mr. Kendall and forcing Mr. Kendall to be unnecessarily cuffed and shackled to a chair for approximately 18 hours was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known constitutional rights.

62.     Gibson, Martin, Mississippi and/or John Does 1-3 acted under color of state law when they assaulted Mr. Kendall. Defendants' actions demonstrated their conscious and deliberate indifference to Mr. Kendall's right to due process. Defendants' conscious and deliberate indifference to Mr. Kendall's rights was the proximate and producing cause of Mr. Kendall's injuries.

63.     Gibson, Martin, Mississippi and/or John Does 1-3's acts violated Mr. Kendall's clearly established rights, and every reasonable officer would have understood that what they did violated those rights.

64.     As a direct and proximate result of the wrongful conduct of Gibson, Martin Mississippi and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## <u>COUNT VIII</u>

**Violations of 42 U.S.C. § 1983 – Failure to Provide Medical Aid in Violation of Mr. Kendall's 8th and 14th Amendment Rights**
**(Against Defendants Gibson, Martin, and Mississippi)**

65.     Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

66.     Once a person is in the custody of the Sheriff, the custodial officer or deputy has a duty to provide for his safety and secure medical aid for the person if he is injured.

67.     Gibson, Martin, Mississippi and/or John Does 1-3 violated Mr. Kendall's 8th and 14th Amendment rights by failing to secure medical attention for Mr. Kendall immediately after assaulting and injuring him. Again, it appears that Gibson, Martin, Mississippi and/or John Does 1-3's intention was for Mr. Kendall to suffer and refusal to promptly secure medical attention was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known constitutional rights.

68.     As a direct and proximate result of the wrongful conduct of Defendants Gibson, Martin, Mississippi and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT IX

**Violations of 42 U.S.C. § 1983 8th and 14th Amendment - Cruel and Unusual Punishment
(Against Defendants Gibson, Martin, and Mississippi)**

69.     Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

70.     Because Mr. Kendall was in custody on November 24, 2019, while he was assaulted by Gibson. Martin, Mississippi, and/or John Does 1-3, said Defendants violated Mr. Kendall's 8th and 14th Amendment right to be free of cruel and unusual punishment. While it

is granted that in a custodial setting, not every push or shove constitutes excessive force or cruel and unusual punishment, the force used by Gibson, Martin, Mississippi, and/or John Does 1-3 in physically assaulting Mr. Kendall while handcuffed and shackled to a chair, depriving him of medical treatment, and continuing to handcuff him to a chair overnight. Specifically, there was no need to use any force at all against Mr. Kendall when Gibson, Martin, Mississippi, and/or John Does 1-3 repeatedly punched him while he was handcuffed and shackled to a chair. Gibson, Martin, Mississippi, and/or John Does 1-3's actions were grossly disproportionate to the need under the circumstances and were motivated by malice and for the very purpose of causing harm. Gibson, Martin, Mississippi, and/or John Does 1-3's actions were not in good faith and were done in deliberate indifference to Mr. Kendall's constitutional rights. Mr. Kendall suffered injury as result of Gibson, Martin, Mississippi, and/or John Does 1-3's unconstitutional, cruel and unusual punishment.

71.    As a direct and proximate result of the wrongful conduct of Gibson, Martin, Mississippi, and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT X

**State Law Claim -Assault & Battery**
**(Against Defendants Gibson, Martin, and Mississippi)**

72.    Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

73.     While Mr. Kendall was a detainee at Escambia County Jail, Defendants Gibson, Martin, Mississippi, and/or John Does 1-3, wrongfully and without justification physically assaulted Mr. Kendall.

74.     Defendants Gibson, Martin, Mississippi, and/or John Does 1-3's actions and/or inactions employing excessive force were done willfully, maliciously, wantonly, in bad-faith, and beyond his/her authority.

75.     As a direct and proximate result of the assault and battery alleged above, Mr. Kendall suffered bodily injury that resulted in pain and suffering, mental anguish, and loss of capacity of enjoyment of life.

**Incidents on February 19, 2020**

## COUNT XI

### Violations of 42 U.S.C. § 1983 – Excessive Force in Violation of Mr. Kendall's 8th and 14th Amendment Rights
### (Against Gibson, Justin, John Does 1-3)

76.     Paragraphs 3, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

77.     At all times material hereto, Mr. Kendall had a constitutionally protected right to be free from the use of excessive force without justification.

78.     On or about February 19, 2020, Defendants Gibson, Justin, and John Does 1-3 intended to cause, and did cause offensive, painful contact to Mr. Kendall while acting under the color of state law.

79.     Defendants Gibson, Justin, and John Does 1-3 repeatedly hit and punched Mr. Kendall repeatedly while Mr. Kendall was undressed and stepping out of the shower and asking for a larger size jail uniform.

80.     At all material times, it would have been readily apparent to a reasonably competent officer, having due regard for Mr. Kendall's constitutional rights, that the use of physical force employed against Mr. Kendall, was unjustified and was in violation of clearly established law. At all material times, any reasonably competent officer having a reasonable degree of training and expertise, should have known that there was no constitutional or legally justifiable basis to use excessive force against Mr. Kendall.

81.     Defendants Gibson, Justin, and John Does 1-3 while acting under the color of state law as a corrections officer for Escambia County Sheriff's Office, deprived Mr. Kendall of rights secured to him by the Constitution of the United States of America. Defendants Gibson, Justin, and John Does 1-3 assaulted Mr. Kendall while stepping out of the shower. Defendants Gibson, Justin, and John Does 1-3 actions show conscious and deliberate indifference to a right to be free of excessive force, as guaranteed by the 8th and 14th Amendment, which was well-known to Defendants at the time.

82.     Defendants Gibson, Justin, and John Does 1-3 actions constitute conscious and deliberate indifference to Mr. Kendall's rights under the 8th and 14th Amendment of the U.S. Constitution and their conscious and deliberate indifference to those rights was the producing and proximate cause of Mr. Kendall's injuries.

83.     Defendants Gibson, Justin, and John Does 1-3 acts violated Mr. Kendall's clearly established rights constitutional rights, and every reasonable officer would have understood that what they did violated those rights.

Justin, Warden Hetrick and John Does 1-3's failure to secure medical attention for Mr. Kendall in a timely fashion was the proximate and producing cause of Mr. Kendall's injuries.

93.    As a direct and proximate result of the wrongful conduct of Defendants Gibson, Justin, Warden Hetrick and John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XIV

### Violations of 42 U.S.C. § 1983 - Cruel and Unusual Punishment
### (Against Gibson, Justin, John Doe 1-3)

94.    Paragraphs 3, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

95.    Defendants Gibson, Justin, and John Does 1-3 violated Mr. Kendall's right to be free of cruel and unusual punishment. While it is granted that in a custodial setting, not every push or shove constitutes excessive force or cruel and unusual punishment, the force used by Defendants Gibson, Justin, and John Does 1-3 in physically assaulting Mr. Kendall  Specifically, there was no need to use any force at all against Mr. Kendall when Defendants Gibson, Justin, and John Does 1-3 repeatedly punched him while he was unclothed and stepping out of the shower and explaining that he needed a larger sized clothing. Defendants Gibson, Justin, and John Does 1-3actions were grossly disproportionate to the need under the circumstances and were motivated by malice and for the very purpose of causing harm. Defendants Gibson, Justin, Warden Hetrick and John Does 1-3 actions were not in good faith and were done in deliberate indifference to Mr. Kendall's constitutional rights. Mr. Kendall suffered injury as result of Defendants Gibson, Justin, and John Does 1-3 actions.

96.     As a direct and proximate result of the wrongful conduct of Defendants Gibson, Justin, and John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XV

### State Law Claim -Assault & Battery
### (Against Gibson, Justin, John Does 1-3)

97.     Paragraphs 3, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

98.     While Mr. Kendall were detained at Escambia County Jail, Defendants Gibson, Justin, and John Does 1-3 wrongfully and without justification physically assaulted Mr. Kendall.

99.     Gibson, Justin, and John Does 1-3 actions and/or inactions employing excessive force were done willfully, maliciously, wantonly, in bad-faith, and beyond his/her authority.

100.    As a direct and proximate result of the assault and battery alleged above, Mr. Kendall suffered bodily injury and resulted in pain and suffering, mental anguish, and loss of capacity of enjoyment of life.

## COUNT XVI

### Violations of 42 U.S.C. § 1983 – Policy and Procedure of
### Excessive Force and Cruel and Unusual Punishment

101.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

102.    Warden Hetrick and Fictitious Defendants John Does 4-6 have a policy of using excessive force and subjecting their detainees to cruel and unusual punishment; this is clear from the reactions of the other officers that witnessed the assaults against Plaintiff. Those officers acted as

84.   As a direct and proximate result of the wrongful conduct of Defendants Gibson, Justin, and John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XII

**Violations of 42 U.S.C. § 1983 – Summary Punishment in Violation of Mr. Kendall's 8th and 14th Amendment Rights
(Against Gibson, Justin, Warden Hetrick, John Doe 1-3)**

85.   Paragraphs 3,4, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

86.   Every citizen of the United States is guaranteed due process of law prior to loss of life, liberty or property by the 8th and 14th Amendment to the U.S. Constitution. Defendants Gibson, Justin, and John Does 1-3 unjustly assaulted Mr. Kendall after Defendants Gibson, Justin, and John Does 1-3 took it upon themselves to punish Mr. Kendall by punching him repeatedly in the face, head and chest, and denying him medical care for his injuries caused as a result of the assault.

87.   Defendants Gibson, Justin, and John Does 1-3 acted under color of state law when they assaulted Mr. Kendall. Defendants Gibson, Justin, and John Does 1-3 actions demonstrated their conscious and deliberate indifference to Mr. Kendall's right to due process. Defendants Gibson, Justin, and John Does 1-3 conscious and deliberate indifference to Mr. Kendall's rights under the 8th and 14th Amendment was the proximate and producing cause of Mr. Kendall's injuries.

88.   No reasonable officer could have believed it was reasonable to assault an unarmed man who was stepping out of the shower and explaining he couldn't fit the issued

clothes. At the time he was assaulted, Mr. Kendall posed no threat to the officers or the public; he had already submitted to custody and made no threatening moves to provoke said Defendants. Regardless of how angry Mr. Kendall made said Defendants during this time, Mr. Kendall deserved and was guaranteed due process prior to punishment.

89.     As a direct and proximate result of the wrongful conduct of Defendants Gibson, Justin, and John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XIII

### Violations of 42 U.S.C. § 1983 – Failure to Provide Medical Aid in Violation of Mr. Kendall's 8th and 14th Amendment Rights
### (Against Gibson, Justin, Warden Hetrick, John Doe 1-3)

90.     Paragraphs 3, 4, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

91.     Once a person is in the custody of the Sheriff, the custodial officer or deputy has a duty to provide for his safety and secure medical aid for the person if he is injured.

92.     Defendants Gibson, Justin, Warden Hetrick and John Does 1-3 violated Mr. Kendall's 8th and 14th Amendment rights by failing to secure medical attention for Mr. Kendall immediately after assaulting and injuring him. It appears that Defendants Gibson, Justin, Warden Hetrick and John Does 1-3 intended for Mr. Kendall to suffer and refusal to promptly secure medical attention was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known constitutional rights. Defendants Gibson,

though the assaults perpetrated on Plaintiff was a common occurrence. Warden Hetrick, and Fictitious Defendants John Does 4-6 may not have a written policy requiring the use of excessive force, but it is apparent that excessive force is the standard procedure for Escambia County jailers and corrections officers. This was evident in Warden Hetrick's response to Plaintiff's pleads for help when he said, "It is what it is." Warden Hetrick, and Fictitious Defendants John Does 4-6 took no corrective action after it was apparent that corrections officers were unjustly beating inmates and violating the Constitutional rights of the inmates under their charge. By tacitly approving of excessive force and their proclivity to "turn a blind eye" to gross violations of constitutional rights, Warden Hetrick and Fictitious Defendants John Does 4-6 created a policy of brutality and excessive force. This practice is so pervasive as to have the force of law.

103.    This policy of brutality, excessive force and cruel and unusual punishment demonstrates a conscious indifference to the rights secured for all citizens, including Plaintiff, by the Fourth, Eighth and Fourteenth Amendments of the U.S. Constitution. Defendants Gibson, Justin, Martin, Mississippi and John Does 1-3 were acting pursuant to and in conformity with this policy when they jointly and individually beat Plaintiff.

104.    As a direct and proximate result of the foregoing policy and wrongful conduct of Warden Hetrick and Fictitious Defendants John Does 4-6, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XVII

### Violations of 42 U.S.C. § 1983 – Policy and Procedure:
### Failure to Adequately Train

105.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

106.    Warden Hetrick and Fictitious Defendants John Does 7-9, failed to adequately train their corrections officers and jailers in the following areas:

a.    proper escalation of force,

b.    the use of excessive force,

c.    the illegality of excessive force,

d.    the constitutional limits of the use of force,

e.    the necessity and proper limits of force in a custodial setting; and

e.    how to properly and dispassionately confront inmates that have angered the officer.

107.    This policy of failing to adequately train its officers shows a conscious indifference to the rights secured by the Fourth, Eighth and Fourteenth Amendments to the citizens of Alabama and Plaintiff in particular. The failure of Warden Hetrick and Fictitious Defendants John Does 7-9, to properly train their corrections officers and jailers is so reckless that misconduct by their corrections officers and jailers was inevitable. This policy of inadequate training was a producing and proximate cause of Plaintiff's injuries and is so pervasive as to have the force of law.

108.    As a direct and proximate result of the failure to train and wrongful conduct of Warden Hetrick and Fictitious Defendants John Does 7-9, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XVIII

### Violations of 42 U.S.C. § 1983 – Policy and Procedure:
### Failure to Adequately Supervise

109.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

110.    Warden Hetrick and Fictitious Defendants John Does 7-9, has a practice of failing to properly supervise their corrections officers and jailers. This policy includes both the failure to inquire into the officers' daily activities and the said Defendant's failure to reprimand its officers for the use of excessive force. Failing to supervise, like failing to reprimand, has resulted in tacit approval of excessive force; if no one is watching the officers and the officers are not punished for excessive force, then it is reasonable for the officers to assume that those actions are accepted by Warden Hetrick and Fictitious Defendants John Does 7-9; these assaults were witnessed and known to Warden Hetrick and Fictitious Defendants 7-9, who are supervisors and policy makers. This practice is so widespread that officers do not fear punishment. The failure of Warden Hetrick and Fictitious Defendants John Does 7-9, to properly supervise their officers is so rampant that the practice has the force of law; this practice was the proximate and producing cause of Plaintiff's injuries.

111.    As a direct and proximate result of the failure to supervise and the wrongful conduct of Warden Hetrick and Fictitious Defendants John Does 7-9, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XIX

### 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION
### FAILURE TO INTERVENE
### (on November 23, 2019)

112.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

113.    This cause of action is brought against the Fictitious Defendants John Does 10-12 for their failure to intervene to prevent Defendant Ronald Gibson from violating Plaintiff's constitutional rights on November 23, 2019.

114.    Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force.

115.    Fictitious Defendants John Does 10-12 failed to prevent excessive force and/or cruel and unusual punishment from being committed against Plaintiff when they had a reasonable opportunity to do so.  The failure of Fictitious Defendants John Does 10-12 to intervene is a violation of the Fourth, Eighth, and Fourteenth Amendment and as such is actionable under 42 U.S.C. § 1983.

116.    As a direct and proximate result of the failure to intervene and the wrongful conduct of Fictitious Defendants John Does 10-12, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XX

### 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION
### FAILURE TO INTERVENE
### (on November 24, 2019)

117.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

118.    This cause of action is brought against the Fictitious Defendants John Does 10-12 for their failure to intervene to prevent Defendant Ronald Gibson from violating Plaintiff's constitutional rights on November 24, 2019.

119.    Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force.

120.    Fictitious Defendants John Does 10-12 failed to prevent excessive force and/or cruel and unusual punishment from being committed against Plaintiff when they had a reasonable opportunity to do so.  The failure of Fictitious Defendants John Does 10-12 to intervene is a violation of the Fourth, Eighth, and Fourteenth Amendment and as such is actionable under 42 U.S.C. § 1983.

121.    As a direct and proximate result of the failure to intervene and the wrongful conduct of Fictitious Defendants John Does 10-12, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

<u>**COUNT XIX**</u>

**42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION**
**FAILURE TO INTERVENE**
**(on February 19, 2020)**

122.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

123.    This cause of action is brought against the Warden Hetrick and Fictitious Defendants John Does 10-12 for their failure to intervene to prevent Defendant Ronald Gibson from violating Plaintiff's constitutional rights on February 19, 2019.

124.    Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force.

125.    Warden Hetrick and Fictitious Defendants John Does 10-12 failed to prevent excessive force and/or cruel and unusual punishment from being committed against Plaintiff when they had a reasonable opportunity to do so.   The failure of Warden Hetrick and Fictitious Defendants John Does 10-12 to intervene is a violation of the Fourth, Eighth, and Fourteenth Amendment and as such is actionable under 42 U.S.C. § 1983.

126.    As a direct and proximate result of the failure to intervene and the wrongful conduct of Warden Hetrick and Fictitious Defendants John Does 10-12, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## GENERAL PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** for each count alleged above, the Mr. Kendall prays for the following relief against all Defendants, separately and severally:

A. Compensatory damages in an amount the jury finds to be full, fair, adequate, and reasonable;

B. Punitive Damages in an amount the jury finds to adequately punish Defendants for their conduct and to deter others who are similarly situated;

C. Reasonable attorney's fees, court costs and expenses, including expert witness fees;

D. An award of pre-judgment and post-judgement interest at the highest rates allowed by law; and

E. Such other, further relief as appears reasonable and just.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

### Attorneys for Plaintiff

*s/ G. Rick DiGiorgio*
G. Rick DiGiorgio (DIG002)
Julianne Zilahy (ZIL001)
CORY WATSON, PC
2131 Magnolia Avenue South
Birmingham, AL 35205
T: 205-328-2200
F: 205-325-7896
rdigiorgio@corywatson.com
jzilhany@corywatson.com



AlaFile E-Notice

30-CV-2021-900148.00

To:  GEORGE RICHARD DIGIORGIO
     rdigiorgio@cwcd.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following complaint was FILED on 11/23/2021 8:54:13 PM

Notice Date:     11/23/2021 8:54:13 PM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:  RONALD GIBSON
     ESCAMBIA COUNTY JAIL
     316 COURT STREET
     BREWTON, AL, 36426

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following complaint was FILED on 11/23/2021 8:54:13 PM

Notice Date:     11/23/2021 8:54:13 PM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:  RICHARD HETRICK
ESCAMBIA COUNTY JAIL
316
BREWTON, AL, 36642

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following complaint was FILED on 11/23/2021 8:54:13 PM

Notice Date:      11/23/2021 8:54:13 PM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:  JUSTIN HETRICK
39 FISHING VILLAGE CIRCLE
BREWTON, AL, 36426

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following complaint was FILED on 11/23/2021 8:54:13 PM

Notice Date:      11/23/2021 8:54:13 PM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:  OFFICER MARTIN
     ESCAMBIA COUNTY JAIL
     316
     BREWTON, AL, 36426

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following complaint was FILED on 11/23/2021 8:54:13 PM

Notice Date:     11/23/2021 8:54:13 PM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To: OFFICER MISSISSIPPI
ESCAMBIA COUNTY JAIL
316
BREWTON, AL, 36426

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following complaint was FILED on 11/23/2021 8:54:13 PM

Notice Date:    11/23/2021 8:54:13 PM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>30-CV-2021-900148.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA
### SHANE KENDALL V. RONALD GIBSON ET AL

**NOTICE TO:** RONALD GIBSON, ESCAMBIA COUNTY JAIL 316 COURT STREET, BREWTON, AL 36426

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GEORGE RICHARD DIGIORGIO

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2131 MAGNOLIA AVENUE, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                          *[Name(s)]*

| 11/23/2021 | /s/ JOHN FOUNTAIN | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.   _____

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*            *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____
*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

                              _____          _____
                              *(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>30-CV-2021-900148.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA
### SHANE KENDALL V. RONALD GIBSON ET AL

**NOTICE TO:** RICHARD HETRICK, ESCAMBIA COUNTY JAIL 316, BREWTON, AL 36642

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GEORGE RICHARD DIGIORGIO

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2131 MAGNOLIA AVENUE, BIRMINGHAM, AL 35205

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

#### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.          *(Name(s))*

| 11/23/2021 | /s/ JOHN FOUNTAIN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | _____ | _____ |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>30-CV-2021-900148.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA**
**SHANE KENDALL V. RONALD GIBSON ET AL**

**NOTICE TO:** JUSTIN HETRICK, 39 FISHING VILLAGE CIRCLE, BREWTON, AL 36426

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GEORGE RICHARD DIGIORGIO

*(Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2131 MAGNOLIA AVENUE, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.          *[Name(s)]*

| 11/23/2021 | /s/ JOHN FOUNTAIN | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.    _____

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____

*(Type of Process Server)*          *(Address of Server)*

_____          _____

*(Server's Signature)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

DOCUMENT 1

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>30-CV-2021-900148.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA**
**SHANE KENDALL V. RONALD GIBSON ET AL**

NOTICE TO: OFFICER MARTIN, ESCAMBIA COUNTY JAIL 316, BREWTON, AL 36426
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GEORGE RICHARD DIGIORGIO
_____ ,
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2131 MAGNOLIA AVENUE, BIRMINGHAM, AL 35205          .
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of Civil Procedure.          *[Name(s)]*

| 11/23/2021 | /s/ JOHN FOUNTAIN | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

_____
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .
*(Date)*

_____
*(Address of Server)*

| *(Type of Process Server)* | *(Server's Signature)* | |
| --- | --- | --- |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>30-CV-2021-900148.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA**
**SHANE KENDALL V. RONALD GIBSON ET AL**

**NOTICE TO:** OFFICER MISSISSIPPI, ESCAMBIA COUNTY JAIL 316, BREWTON, AL 36426

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GEORGE RICHARD DIGIORGIO                                                                                                    ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2131 MAGNOLIA AVENUE, BIRMINGHAM, AL 35205                                .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 11/23/2021 | /s/ JOHN FOUNTAIN | By: |  |
|---|---|---|---|
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☐ Certified Mail is hereby requested.     _____

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

|  |  | _____ |
|---|---|---|
|  |  | *(Address of Server)* |
| *(Type of Process Server)* | *(Server's Signature)* | |
|  |  | _____ |
|  | *(Server's Printed Name)* | *(Phone Number of Server)* |

ELECTRONICALLY FILED
11/29/2021 3:07 PM
30-CV-2021-900148.00
CIRCUIT COURT OF
ESCAMBIA COUNTY, ALABAMA
JOHN FOUNTAIN, CLERK

# IN THE CIRCUIT COURT OF ESCAMBIA CO

SHANE KENDALL

§
§
§
§

**CASE NO:  CV -2021-900148**

V.

§
§
§

**Judge Jeffrey Alan White**
**Judge Jeffrey Todd Stearns**

§
§

RONALD GIBSON ET AL

§

### GENERAL PRE-TRIAL ORDER
#### CIRCUIT CIVIL CASES

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1. <u>PRODUCTION OF TRIAL EXHIBITS:</u> Within a reasonable time prior to trial, each party shall make available to all other parties all documents, exhibits, and physical evidence expected to be used at trial. All such documents, evidence, and exhibits shall be deemed authenticated and admitted into evidence without further proof unless written objections are made to the Court within a reasonable time thereafter and before trial specifying the grounds of objection.
   (a) Documents, exhibits or physical evidence which are not exhibited to other parties in a timely fashion prior to trial may not be offered in evidence at the trial unless the ends of justice so require.
   (b) All documents, exhibits or physical evidence shall be presented to the Court Reporter prior to trial for marking and counsel shall prepare a list of said exhibits for the Court Reporter.

2. <u>MEDICAL BILLS:</u> If applicable, all doctor, medical, and hospital bills (or a list thereof) shall be made available to all parties within a reasonable time prior to trial and shall be admitted into evidence as reasonable and necessary without further proof, unless written objections to such bills be made to the Court within a reasonable time prior to trial specifying the grounds of objection.
   (a) Any such medical bills which are not exhibited to other parties in a timely fashion prior to trial may not be offered in evidence at the trial unless the ends of justice so require.
   (b) All doctor, medical, and hospital bills shall be presented to the Court Reporter prior to trial for marking and counsel shall prepare a list of said exhibits for the Court Reporter.

3. <u>WAIVER:</u> With respect to paragraph 1 and 2 above, it shall be the duty of counsel to confer with opposing counsel at a reasonable time prior to trial in order to make arrangements to inspect such documents, exhibits and physical evidence and failure of counsel to so confer shall constitute a waiver of objection to admissibility.

4. <u>SPECIAL DAMAGES:</u> All parties seeking special damages shall furnish all other parties and the Court with a list of these special damages within a reasonable time prior to a trial. Written objections to these special damages should be made to the Court within a reasonable time prior to trial and should specify the grounds of objection.
   (a) Any special damages which are not submitted to the other parties in a timely fashion prior to trial may not be claimed or evidence offered with respect thereto at trial unless the ends of justice so require.

5. <u>ADMISSION:</u> Unless objected to in writing a reasonable time prior to trial, agency and the time and place of the complained of are admitted and all parties shall be deemed correctly named and designated. Written objections to these admissions shall specify the grounds of objection.

6. <u>EXPERTS:</u> Unless previously obtained by discovery, each party shall furnish to all other parties the names, address, and qualifications of all expert witnesses expected to testify together with a brief summary of the opinions and conclusions of such experts. Counsel for the parties shall comply with this provision within a reasonable time prior to trial and objections to the qualifications of such witnesses as experts be made in writing within a reasonable time prior to trial.

7.  **DISCOVERY:** All discovery should be completed no later than thirty (30) days prior to the date of trial. Any requests for discovery within thirty (30) days prior to the date of trial must be made in writing to the Court and performed only with the Court's approval.

    (a) Interrogatories, Requests for Production, Requests for Admissions and Responses Thereto, and Notices of Depositions shall be served in accordance with Rule 5(d) of the ARCP, but shall not be filed with the Clerk except upon Order of the Court or for use at a trial or in connection with motions. The party responsible for service of the discovery material shall retain the original and become custodian.

    (b) No depositions shall be filed with the Clerk unless the Court directs otherwise, or unless in support of or in opposition to a motion. Counsel who notices a deposition shall be the custodian of the deposition and shall maintain the original for filing if the Court so directs.

    (c) If discovery materials are germane to any motion or response, only the relevant material shall be filed with the motion or response.

    (d) Whenever any discovery material (request, response, notice) is served, counsel shall contemporaneously deliver to the Clerk a notice identifying the date of service and the nature of the material shall be maintained by the Clerk with the civil action file but will not be docketed.

    (e) During the pendency of any case the custodian of any discovery material shall provide to counsel for all other parties reasonable access to the material and an opportunity to duplicate the material at the expense of the copying party, and any other person may, with leave of Court, obtain a copy of any discovery material from its custodian upon payment of the expense of the copy.

    (f) This Order shall not apply to any deposition taken before the Clerk or a Commissioner appointed by the Clerk for use in an action for dissolution of marriage.

8.  **JURY CHARGE:** Written requested jury charges shall be typed, numbered and shall designate the party requesting the same. Legal authority for each requested charge shall be clearly noted. Failure to cite legal authority for any charge may result in the same being considered an original charge without legal authority to substantiate it. All charges shall be submitted to the Court no later than the close of the plaintiff's case-in-chief, but the same may be supplemented during the course of the trial on matters that could not reasonably be anticipated.

9.  **JURY SELECTION:** Prior to the commencement of trial and out of the hearing of the jury panel, the parties shall provide to the Court, the full name of any insurance company upon which voir dire is required or requested. All voir dire questions shall be put in writing and submitted to the Court prior to voir dire.

10. **DUTY TO SUPPLEMENT:** Responses required to be made under the terms of this order shall be amended or supplemented as necessary to maintain their completeness and accuracy.

11. **MOTIONS:** All motions for summary judgment and other dispositive motions shall be filed and argued no later than thirty (30) days prior to the day upon which the case is scheduled for trial. All other motions, including motion in limine, shall be filed and argued no later than ten (10) days prior to the day upon which the case is scheduled for trial.

    It is further ORDERED that the Court will reconsider any portion of this Order upon the timely application of any party.

A copy of this Order shall be served upon the Defendant along with the summons and petition, and a copy of this Order shall be mailed to counsel of record for the plaintiff (or to the Plaintiff if pro se).

Dated this __29th__ day of ___NOVEMBER___ , 20_21_ .

Jeffrey A. White, Circuit Judge                     Jeffrey T. Stearns, Circuit Judge



AlaFile E-Notice

30-CV-2021-900148.00

Judge: JEFFREY A WHITE

To: DIGIORGIO GEORGE RICHARD
rdigiorgio@cwcd.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following matter was FILED on 11/29/2021 3:07:37 PM

Notice Date:     11/29/2021 3:07:37 PM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

Judge: JEFFREY A WHITE

To: ZILAHY JULIANNE NICOLE
JZilahy@CoryWatson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following matter was FILED on 11/29/2021 3:07:37 PM

Notice Date:     11/29/2021 3:07:37 PM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

Judge: JEFFREY A WHITE

To: GIBSON RONALD (PRO SE)
ESCAMBIA COUNTY JAIL
316 COURT STREET
BREWTON, AL, 36426-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following matter was FILED on 11/29/2021 3:07:37 PM

Notice Date:      11/29/2021 3:07:37 PM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



**AlaFile E-Notice**

30-CV-2021-900148.00

Judge: JEFFREY A WHITE

To: HETRICK RICHARD (PRO SE)
ESCAMBIA COUNTY JAIL
316
BREWTON, AL, 36642-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following matter was FILED on 11/29/2021 3:07:37 PM

Notice Date:     11/29/2021 3:07:37 PM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

Judge: JEFFREY A WHITE

To:  HETRICK JUSTIN (PRO SE)
     39 FISHING VILLAGE CIRCLE
     BREWTON, AL, 36426-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following matter was FILED on 11/29/2021 3:07:37 PM

Notice Date:     11/29/2021 3:07:37 PM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

Judge: JEFFREY A WHITE

To:  MARTIN OFFICER (PRO SE)
ESCAMBIA COUNTY JAIL
316
BREWTON, AL, 36426-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following matter was FILED on 11/29/2021 3:07:37 PM

Notice Date:     11/29/2021 3:07:37 PM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

Judge: JEFFREY A WHITE

To:  MISSISSIPPI OFFICER (PRO SE)
ESCAMBIA COUNTY JAIL
316
BREWTON, AL, 36426-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following matter was FILED on 11/29/2021 3:07:37 PM

Notice Date:     11/29/2021 3:07:37 PM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov

JOHN ROBERT FOUNTAIN
P.O. BOX 856
BREWTON   AL   36427

PRSRT   FIRST CLASS
US POSTAGE PAID
MONTGOMERY, AL
PERMIT #994

CASE NO: CV 2021 900148.00

RETURN SERVICE REQUESTED



MARTIN OFFICER
ESCAMBIA COUNTY JAIL
316
BREWTON   AL 36426

REFK1: 9352220199

IA
36427>0856

NIXIE        552   DE 1300        0001/13/22

RETURN TO SENDER
INSUFFICIENT ADDRESS
UNABLE TO FORWARD

BC: 36427085656        *2075-11709-19-19

Filed
JAN 21 2022
John Robert Fountain
Circuit Clerk
Escambia County, AL

# * * * IN THE CIRCUIT COURT OF ESCAMBIA COUNTY * * *

SHANE KENDALL V. RONALD GIBSON ET AL
PLA ATTY: DIGIORGIO GEORGE RICHARD   DEF ATTY:
        ZILAHY JULIANNE NICOLE


          CASE:    CV 2021 900148.00
         JUDGE:    JEFFREY A WHITE
CASE SET FOR:      STATUS REVIEW/DKT
ON THIS DATE:      02/14/2022 AT: 0900 AM
         PLACE:    ESCAMBIA COURTHOUSE
                   ESCAMBIA COUNTY COURTHOUSE
                   BREWTON,   ALABAMA

Filed

JAN 21 2022

John Robert Fountain
Circuit Clerk
Escambia County, AL

## CASE 0039 OF 0044 CASES

(01/07/2022)    OPER: STB                    06667        FORM: A465

**JOHN ROBERT FOUNTAIN**
**P.O. BOX 856**
**BREWTON   AL   36427**

**CASE NO: CV 2021 900148.00**



RETURN SERVICE REQUESTED

**MISSISSIPPI OFFICER**
**ESCAMBIA COUNTY JAIL**
**316**
**BREWTON   AL 36426**

PRSRT FI
US POSTAGE
MONTGOMERY, AL
PERMIT  #994



# * * * IN THE CIRCUIT COURT OF ESCAMBIA COUNTY * * *

SHANE KENDALL V. RONALD GIBSON ET AL
PLA ATTY: DIGIORGIO GEORGE RICHARD   DEF ATTY:
         ZILAHY JULIANNE NICOLE


        CASE:  CV 2021 900148.00
       JUDGE:  JEFFREY A WHITE
CASE SET FOR:  STATUS REVIEW/DKT
ON THIS DATE:  02/14/2022 AT: 0900 AM
       PLACE:  ESCAMBIA COURTHOUSE
               ESCAMBIA COUNTY COURTHOUSE
               BREWTON,   ALABAMA

Filed

JAN 2 1 2022

John Robert Fountain
Circuit Clerk
Escambia County, AL

CASE 0039 OF 0044 CASES

(01/07/2022)    OPER: STB                    06668     FORM: A465

ELECTRONICALLY FILED
1/26/2022 10:35 AM
30-CV-2021-900148.00
CIRCUIT COURT OF
ESCAMBIA COUNTY, ALABAMA
JOHN FOUNTAIN, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>30-<br><br>Date of Filing:<br>11/23/2021 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA
### SHANE KENDALL v. RONALD GIBSON ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☑ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

DIG002 _____   11/23/2021 8:54:11 PM _____ Date   /s/ GEORGE RICHARD DIGIORGIO _____ Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**   ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES  ☑ NO

ELECTRONICALLY FILED
11/23/2021 8:54 PM
30-CV-2021-900148.00
CIRCUIT COURT OF
ESCAMBIA COUNTY, ALABAMA
JOHN FOUNTAIN, CLERK

## IN THE CIRCUIT COURT OF ESCAMBIA COUNTY ALABAMA

| | |
|---|---|
| **SHANE KENDALL,** )<br>**Plaintiff** )<br> )<br>**v.** )<br> **RONALD GIBSON, individually;** )<br> **RICHARD HETRICK, individually;** )<br> **JUSTIN HETRICK, individually;** )<br> **OFFICER MARTIN, individually;** )<br> **OFFICER MISSISSIPPI,** )<br>**individually;** *No. 1*, whether singular or )<br>plural, Plaintiff hereby intending to )<br>designate that person, firm, corporation or )<br>other legal entity known only to the Plaintiff )<br>as, Richard Hetrick, Ronald Gibson, Officer )<br>Martin, Officer Mississippi, Justin Hetrick, )<br>and **John Does 1-3** whether singular or )<br>plural, Plaintiff hereby intending to )<br>designate that person, firm, corporation or )<br>other legal entity who physically struck the )<br>Plaintiff at anytime while he was )<br>incarcerated at the Escambia County Jail in )<br>violation of his Constitutional rights; **John** )<br>**Does 4-6,** whether singular or plural, )<br>Plaintiff hereby intending to designate that )<br>person, firm, corporation or other legal )<br>entity who established policy and )<br>procedures that allowed or encouraged the )<br>corrections officers an jailers at the )<br>Escambia County Jail to use excessive force )<br>or cruel and unusual punishment against )<br>Plaintiff in 2019 and/or 2020; **Does 7-9,** )<br>whether singular or plural, Plaintiff hereby )<br>intending to designate that person, firm, )<br>corporation or other legal entity who failed )<br>to train and/or supervise or improperly )<br>supervised and/or trained the corrections )<br>officers an jailers at the Escambia County )<br>Jail in 2019 and/or 2020 as complained of )<br>in Plaintiff's complaint; )<br> **John Does 10-12**, whether singular or )<br>plural, Plaintiff hereby intending to )<br>designate that person, firm, corporation or )<br>other legal entity who failed to intervene to )<br>prevent the Plaintiff from being deprived of )<br>his constitutional rights on the occasions set )<br>forth in Plaintiff's complaint.  Plaintiff ) | **CIVIL ACTION NO.:** |

|  |  |
|---|---|
| avers that the identity of the Fictitiously named Party Defendants is otherwise unknown to Plaintiff at this time, or, if their names are known to Plaintiff at this time their identity as proper Party Defendants is not known to Plaintiff at this time; but their true names will be substituted by amendment when the aforesaid lacking knowledge is ascertained. | ) ) ) ) ) ) ) ) ) |
| **Defendants,** | ) |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Shane Kendall, by and through his undersigned counsel, and brings this action against Defendants and shows unto this honorable court the following:

## NATURE OF ACTION

1.      This is a civil case brought for violation of the common law of the State of Alabama, and for violations of civil rights brought by Plaintiff pursuant to 42 U.S.C. §§ 1983 and 1988 alleging violation(s) of the rights, privileges, and immunities secured and guaranteed to Plaintiff by the Eighth and Fourteenth Amendment to the United States Constitution, while Plaintiff was a pre-hearing detainee in custody in the Escambia County Jail in Brewton, Alabama.

2.      This is an action for compensatory, general, and punitive damages. Plaintiff requests this honorable court to declare that the acts and/or omissions by the Defendants were unconstitutional under the Constitution of the United States; and by an award of compensatory, general, and punitive damages, compensate him for the violations of his constitutional rights and sufficient to deter the Defendants and others of such unconstitutional acts and/or omissions in the future.

## PARTIES

3. Plaintiff, **SHANE KENDALL** (hereinafter "Plaintiff" or "Mr. Kendall"), is or was a resident of Escambia County, Alabama and is over the age of nineteen (19) years. At all times relevant to this complaint Kendall was a pre-hearing detainee in the custody of the Escambia County Jail in Brewton, Alabama for a technical probation violation.

4. Defendant, **RICHARD HETRICK** (hereinafter "Warden Hetrick") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra*, Defendant Warden Hetrick was a commander for Escambia County Sheriff's Office and serving as the Warden at Escambia County Jail in Brewton, Alabama. Defendant Warden Hetrick is sued exclusively in his individual capacity

5. Defendant, **RONALD GIBSON** (hereinafter "Gibson") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra*, Defendant Gibson was employed by the Escambia County Sheriff's Office and was serving as a Correctional Officer at Escambia County Jail. Defendant Gibson is sued in his individual capacity.

6. Defendant, **OFFICER MARTIN** (hereinafter "Martin") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra*, Defendant Martin was employed by the Escambia County Sheriff's Office and was serving as a Correctional Officer at Escambia County Jail. Defendant Martin is sued in his individual capacity.

7. Defendant, **OFFICER MISSISSIPPI** (hereinafter "Mississippi") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra*, Defendant Mississippi was

employed by the Escambia County Sheriff's Office and was serving as a Correctional Officer at Escambia County Jail. Defendant Mississippi is sued in his individual capacity.

8.      Defendant**, JUSTIN HETRICK** (hereinafter "Justin") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra,* Defendant Justin was employed by the Brewton Alabama Police Department and is the son of Defendant Warden Hetrick. Defendant Justin is sued in his individual capacity.

9.      Defendants **JOHN DOES 1-3** (hereinafter "John Does1-3") upon information and belief, are above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra,* Defendants were employed by the Escambia County Sheriff's Office and were serving as a Correctional Officers at Escambia County Jail. Defendants are sued in their individual capacity.


## JURIDICTION AND VENUE

10.      Jurisdiction and venue are proper as the incidents involved occurred in Brewton, Escambia County, Alabama and within the Judicial District of the Circuit Court for Escambia County, Alabama.

## FACTUAL ALLEGATIONS

11.      On or about November 23, 2019, Mr. Kendall was booked into the Escambia County Jail in Brewton, Alabama for a charge of a technical probation violation.

12.      Shortly after arriving, Mr. Kendall was made to sit in a restraint chair to which he was secured by handcuffs on both hands and leg shackles on both legs. Once Mr. Kendall was

fully secured to the chair with handcuffs and leg shackles, without justification, Defendant Gibson violently punched and slapped Mr. Kendall in the head, face and chest multiple times.

13.     After Gibson finished his violent assault on Mr. Kendall, Mr. Kendall was placed in a holding cell still cuffed and shackled to the restraint chair.

14.     The beating administered by Gibson on Mr. Kendall was severe enough to cause injuries to Mr. Kendall including whelps, bruises, swelling, lacerations and bleeding. Mr. Kendall asked for medical attention and to have a "body chart" report filled out but his requests for both were denied.

15.     Later that afternoon, on November 23, 2019, Officer Goshen allowed Mr. Kendall out of the restraint chair, cuffs, and shackles for a short time to eat and use the restroom.

16.     After Mr. Kendall ate and used the restroom, he was told that he had to get back into the chair, cuffs, and leg shackles. Mr. Kendall begged and pleaded not to be placed back in the chair and restraints to no avail. He was once again unnecessarily confined to the restraint chair with his hands and legs shackled to the chair.

17.     At or around 4:00 p.m. on November 23, 2019, Mr. Kendall, still cuffed and shackled to the chair, was moved to the stairwell of Unit 2 of Escambia County Jail where he was left all evening, overnight, and into the next day. During this time, Mr. Kendall continued to be restrained in an uncomfortable position, not allowed free from handcuffs and leg shackles to the chair, denied access to water, and denied access to a toilet.

18.     The next morning, or on or about, November 24, 2019, at approximately 7:00 a.m., Defendants Gibson, Mississippi, and Martin came to the stairwell of Unit 2 where Mr. Kendall was still handcuffed and shackled to the chair and violently assaulted him by punching

him multiples times in the head, face, and chest without justification. The beating administered by Gibson, Martin and Mississippi was severe enough to cause whelps, bruises, swelling, lacerations, bleeding, and black eye. This attack, like the previous attack by Gibson, was unjustified. Mr. Kendall was cuffed and shackled to a chair and stairwell at the time and Mr. Kendall posed no threat to Gibson, Martin, Mississippi, or anyone else at the time. As in the first assault, Mr. Kendall again asked for medical treatment and a "body chart" to be filled out but was denied both again.

19.    A short time later, on November 24, 2019, Mr. Kendall asked to be taken to Warden Hetrick. Once in Warden Hetrick's office Mr. Kendall complained about the assaults, the unnecessary cuffing and shackling to the chair for approximately 18 hours, and the lack of medical treatment and "body charts". Mr. Kendall was scared that he would continue to be assaulted by said Defendant corrections officers and pleaded with Warden Hetrick to do something about the assaults and his conditions of confinement. Hetrick's response to Mr. Kendall was "it is what it is" and denied any medical treatment or shielding from further attacks.

20.    On or about December 4th, 2019, Mr. Kendall was released from Escambia County Jail for his probation violation.

21.    On or about February 19, 2020, Defendant was again booked into to Escambia County Jail on a charge of a technical probation violation.

22.    Shortly after arriving and during the booking process Mr. Kendall showered and was getting ready to change into jail issued clothing. As Mr. Kendall was coming out of the shower, Defendant Gibson, approached Mr. Kendall and threw a jail issued outfit at him that was 2-3 sizes too small. As Mr. Kendall started trying to explain to Gibson that at 300 lbs. he could not fit into the large size jail clothes Gibson had given him, but before Mr. Kendall could finish

his sentence, Defendant Gibson started to assault Mr. Kendall, by repeatedly punching him in the head and face. Defendants Justin, John Does 1-3 who were standing close by also not only failed to intervene but instead jumped in and started punching and hitting Mr. Kendall while Warden Hetrick stood by, watching, and failing to intervene.

23.     As a result of this violent assault on Mr. Kendall, he sustained multiple injuries to his body, including being bruised, swollen, and bloodied with blood coming out of his mouth and ears. Despite these injuries, Mr. Kendall was once again denied medical treatment and a body chart.

24.     Defendants Gibson, Martin, Mississippi, Justin, John Does 1-12, and Warden Hetrick, acting under color of state law and pursuant to a widespread custom and practice of the Escambia County Sheriff's Department, unconstitutionally deprived Mr. Kendall of his rights.

## CAUSES OF ACTIONS

### Incidents on November 23, 2019

## COUNT I

**Violations of 42 U.S.C. § 1983 – Excessive Force in Violation of Mr. Kendall's 8th and 14th Amendment Rights (Against Gibson)**

25.     Paragraphs 3, 5, 10, 11 through 17, are incorporated by reference herein as if set out in full.

26.     At all times material hereto, Mr. Kendall had a constitutionally protected right to be free from the use of excessive force without justification.

27.     On or about November 23, 2019, Gibson and/or John Does 1-3 intended to cause, and did cause offensive, painful contact to Mr. Kendall while acting under the color of state law.

28.     Gibson and/or John Does 1-3 repeatedly hit and punched Mr. Kendall repeatedly while Mr. Kendall was restrained, handcuffed, and shackled to a chair, by both hands and legs.

29.     At all material times, it would have been readily apparent to a reasonably competent officer, having due regard for Mr. Kendall's constitutional rights, that the use of physical force employed against Mr. Kendall, who was physically restrained in a chair with cuffs and leg shackles, was unjustified and was in violation of clearly established law and human decency. At all material times, any reasonably competent officer having a reasonable degree of training and expertise, should have known that there was no constitutional or legally justifiable basis to use excessive force against Mr. Kendall.

30.     Gibson and/or John Does 1-3, while acting under the color of state law as a corrections officer for Escambia County Sheriff's Office, deprived Mr. Kendall of rights secured to him by the Constitution of the United States of America. Gibson and/or John Does 1-3 assaulted Mr. Kendall while he was in custody, handcuffed and shackled and secured to a chair. Gibson's actions show conscious and deliberate indifference to a right to be free of excessive force, as guaranteed by the 8th and 14th Amendment, which was well-known to Gibson and/or John Does 1-3 at the time.

31.     Gibson and/or John Does 1-3's actions constitute conscious and deliberate indifference to Mr. Kendall's rights under the 8th and 14th Amendment of the U.S. Constitution and his conscious and deliberate indifference to those rights was the producing and proximate cause of Mr. Kendall's injuries.

32.     Gibson and/or John Does 1-3's acts violated Mr. Kendall's clearly established constitutional rights, and every reasonable police officer would have understood that what he did violated those rights.

33.     As a direct and proximate result of the wrongful conduct of Gibson and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT II –

**Violations of 42 U.S.C. § 1983 – Summary Punishment in Violation of Mr. Kendall's 8th and 14th Amendment Rights**
**(Against Gibson)**

34.     Paragraphs 3, 5, 10, 11 through 17 are incorporated by reference herein as if set out in full.

35.     Every citizen of the United States is guaranteed due process of law prior to loss of life, liberty, or property by the 14th Amendment to the U.S. Constitution. Gibson and/or John Does 1-3 assaulted Mr. Kendall after Mr. Kendall was in custody and cuffed and shackled to a chair. Gibson took it upon himself to punish Mr. Kendall by assaulting him, injuring him.

36.     No reasonable officer could have believed it was reasonable to assault a man who was handcuffed and shackled to a chair. At the time he was assaulted, Mr. Kendall posed no threat to the officer or the public. Regardless of how angry Mr. Kendall made Gibson and/or John Does 1-3 during this time, Mr. Kendall deserved and was guaranteed due process prior to punishment. It appears that Gibson and/or John Does 1-3 intended to cause harm and

punish Mr. Kendall and forcing Mr. Kendall to be unnecessarily cuffed and shackled to a chair for approximately 18 hours was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known constitutional rights.

37.     Gibson and/or John Does 1-3 acted under color of state law when he assaulted Mr. Kendall. Gibson's actions demonstrated his conscious and deliberate indifference to Mr. Kendall's right to due process. Gibson and/or John Does 1-3's conscious and deliberate indifference to Mr. Kendall's rights under the 14th Amendment was the proximate and producing cause of Mr. Kendall's injuries.

38.     As a direct and proximate result of the wrongful conduct of Gibson and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT III

### Violations of 42 U.S.C. § 1983 – Deliberate Indifference To Medical Needs
### (Against Gibson)

39.     Paragraphs 3, 5, 10, 11 through 17 are incorporated by reference herein as if set out in full.

40.     Once a person is in the custody of the Sheriff, the custodial officer or deputy has a duty to provide for his safety and secure medical aid for the person if he is injured.

41.     Gibson and/or John Does 1-3 violated Mr. Kendall's 8th and 14th Amendment rights by failing to secure medical attention for Mr. Kendall immediately after assaulting and injuring him. Again, it appears that Gibson and/or John Does 1-3's intention was for Mr. Kendall to suffer and refusal to promptly secure medical attention was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known

constitutional rights. Gibson and/or John Does 1-3's failure to secure medical attention for Mr. Kendall in a timely fashion was the proximate and producing cause of Mr. Kendall's injuries.

42.     As a direct and proximate result of the wrongful conduct of Gibson and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT IV

**Violations of 42 U.S.C. § 1983 - Cruel and Unusual Punishment
(Against Gibson)**

43.     Paragraphs 3, 5, 10, 11 through 17 are incorporated by reference herein as if set out in full.

44.     Because Mr. Kendall was in custody on November 23, 2019, when he was assaulted by Gibson and/or John Does 1-3, Gibson and/or John Does 1-3 violated Mr. Kendall's 8th and 14th Amendment right to be free of cruel and unusual punishment. While it is granted that in a custodial setting, not every push or shove constitutes excessive force or cruel and unusual punishment, the force used by Gibson and/or John Does 1-3 in physically assaulting Mr. Kendall while handcuffed and shackled to a chair, depriving him of medical treatment, and continuing to handcuff him to a chair overnight constituted cruel and unusual punishment. Specifically, there was no need to use any force at all against Mr. Kendall when Gibson and/or John Does 1-3 repeatedly punched him while he was handcuffed and shackled to a chair. Gibson's actions were grossly disproportionate to the need under the circumstances and were motivated by malice and for the very purpose of causing harm. Gibson and/or John

Does 1-3's actions were not in good faith and were done in deliberate indifference to Mr. Kendall's constitutional rights. Mr. Kendall suffered injury as result of Gibson's unconstitutional, cruel and unusual punishment.

45.     As a direct and proximate result of the wrongful conduct of Gibson and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT V

**State Law Claim -Assault & Battery
(Against Gibson)**

46.     Paragraphs 3, 5, 10, 11 through 17 are incorporated by reference herein as if set out in full.

47.     While Mr. Kendall were incarcerated at Escambia County Jail, Defendant, Gibson and/or John Does 1-3, wrongfully and without justification physically assaulted Mr. Kendall.

48.     Gibson and/or John Does 1-3's actions and/or inactions employing excessive force were done willfully, maliciously, wantonly, in bad-faith, and beyond his/her authority.

49.     As a direct and proximate result of the assault and battery alleged above, Mr. Kendall suffered bodily injury and resulted in pain and suffering, mental anguish, and loss of capacity of enjoyment of life.

**Incidents on November 24,2019**

## COUNT VI-

**Violations of 42 U.S.C. § 1983 – Excessive Force in Violation of Mr. Kendall's 8th
and 14th Amendment Rights
(Against Defendants Gibson, Martin, and Mississippi)**

50.     Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

51.     At all times material hereto, Mr. Kendall had a constitutionally protected right to be free from the use of excessive force without justification.

52.     On or about November 24th, 2019, Gibson, Martin, Mississippi and/or John Does 1-3 intended to cause, and did cause offensive, painful contact to Mr. Kendall while acting under the color of state law.

53.     Gibson, Martin, Mississippi and/or John Does 1-3 repeatedly hit and punched Mr. Kendall while Mr. Kendall was restrained, handcuffed, and shackled to a chair.

54.     At all material times, it would have been readily apparent to a reasonably competent officer, having due regard for Mr. Kendall's constitutional rights, that the use of physical force employed against Mr. Kendall, who was physically restrained in a chair with cuffs and leg shackles, was unjustified and was in violation of clearly established law. At all material times, any reasonably competent officer having a reasonable degree of training and expertise, should have known that there was no constitutional or legally justifiable basis to use excessive force against Mr. Kendall.

55.     Gibson, Martin, Mississippi and/or John Does 1-3 while acting under the color of state law as corrections officers for Escambia County Sheriff's Office, deprived Mr. Kendall of rights secured to him by the Constitution of the United States of America. Gibson, Martin, Mississippi and/or John Does 1-3 assaulted Mr. Kendall while he was in custody, handcuffed and shackled and secured to a chair. Gibson, Martin, Mississippi and/or John Does 1-3's actions show conscious and deliberate indifference to a right to be free of excessive force, as guaranteed by the 8th and 14th Amendment, which was well-known to Defendants at the time.

56.     Gibson, Martin, Mississippi and/or John Does 1-3's actions constitute conscious and deliberate indifference to Mr. Kendall's rights under the 8th and 14th Amendment of the U.S. Constitution and their conscious and deliberate indifference to those rights was the producing and proximate cause of Mr. Kendall's injuries.

57.     Gibson, Martin, Mississippi and/or John Does 1-3 acts violated Mr. Kendall's clearly established rights, and every reasonable police officer would have understood that what they did violated those rights.

58.     As a direct and proximate result of the wrongful conduct of Gibson, Martin Mississippi and/or John Does 1-3 the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

### COUNT VII–
### Violations of 42 U.S.C. § 1983 – Summary Punishment in Violation of Mr. Kendall's 8th and 14th Amendment Rights
### (Against Defendants Gibson, Martin, and Mississippi)

59     Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

60.     Every citizen of the United States is guaranteed due process of law prior to loss of life, liberty or property by the 14th Amendment to the U.S. Constitution. Gibson, Martin, Mississippi and/or John Does 1-3 assaulted Mr. Kendall after Mr. Kendall was in custody and cuffed and shackled to a chair. Defendants took it upon themselves to punish Mr. Kendall by assaulting him and injuring him.

61.     No reasonable officer could have believed it was reasonable to assault a man who was handcuffed and shackled to a chair. At the time he was assaulted, Mr. Kendall posed

no threat to the officers or the public. Regardless of how angry Mr. Kendall made Gibson, Martin, Mississippi and/or John Does 1-3 during this time, Mr. Kendall deserved and was guaranteed due process prior to punishment. It appears that Gibson, Martin, Mississippi and/or John Does 1-3 intended cause harm and punish Mr. Kendall and forcing Mr. Kendall to be unnecessarily cuffed and shackled to a chair for approximately 18 hours was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known constitutional rights.

62.    Gibson, Martin, Mississippi and/or John Does 1-3 acted under color of state law when they assaulted Mr. Kendall. Defendants' actions demonstrated their conscious and deliberate indifference to Mr. Kendall's right to due process. Defendants' conscious and deliberate indifference to Mr. Kendall's rights was the proximate and producing cause of Mr. Kendall's injuries.

63.    Gibson, Martin, Mississippi and/or John Does 1-3's acts violated Mr. Kendall's clearly established rights, and every reasonable officer would have understood that what they did violated those rights.

64.    As a direct and proximate result of the wrongful conduct of Gibson, Martin Mississippi and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.


## <u>COUNT VIII</u>

**Violations of 42 U.S.C. § 1983 – Failure to Provide Medical Aid in Violation of Mr. Kendall's 8th and 14th Amendment Rights**
**(Against Defendants Gibson, Martin, and Mississippi)**

65.     Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

66.     Once a person is in the custody of the Sheriff, the custodial officer or deputy has a duty to provide for his safety and secure medical aid for the person if he is injured.

67.     Gibson, Martin, Mississippi and/or John Does 1-3 violated Mr. Kendall's 8th and 14th Amendment rights by failing to secure medical attention for Mr. Kendall immediately after assaulting and injuring him. Again, it appears that Gibson, Martin, Mississippi and/or John Does 1-3's intention was for Mr. Kendall to suffer and refusal to promptly secure medical attention was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known constitutional rights.

68.     As a direct and proximate result of the wrongful conduct of Defendants Gibson, Martin, Mississippi and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT IX

### Violations of 42 U.S.C. § 1983 8th and 14th Amendment - Cruel and Unusual Punishment
### (Against Defendants Gibson, Martin, and Mississippi)

69.     Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

70.     Because Mr. Kendall was in custody on November 24, 2019, while he was assaulted by Gibson. Martin, Mississippi, and/or John Does 1-3, said Defendants violated Mr. Kendall's 8th and 14th Amendment right to be free of cruel and unusual punishment. While it

is granted that in a custodial setting, not every push or shove constitutes excessive force or cruel and unusual punishment, the force used by Gibson, Martin, Mississippi, and/or John Does 1-3 in physically assaulting Mr. Kendall while handcuffed and shackled to a chair, depriving him of medical treatment, and continuing to handcuff him to a chair overnight. Specifically, there was no need to use any force at all against Mr. Kendall when Gibson, Martin, Mississippi, and/or John Does 1-3 repeatedly punched him while he was handcuffed and shackled to a chair. Gibson, Martin, Mississippi, and/or John Does 1-3's actions were grossly disproportionate to the need under the circumstances and were motivated by malice and for the very purpose of causing harm. Gibson, Martin, Mississippi, and/or John Does 1-3's actions were not in good faith and were done in deliberate indifference to Mr. Kendall's constitutional rights. Mr. Kendall suffered injury as result of Gibson, Martin, Mississippi, and/or John Does 1-3's unconstitutional, cruel and unusual punishment.

71.     As a direct and proximate result of the wrongful conduct of Gibson, Martin, Mississippi, and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT X

**State Law Claim -Assault & Battery**
**(Against Defendants Gibson, Martin, and Mississippi)**

72.     Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

73.     While Mr. Kendall was a detainee at Escambia County Jail, Defendants Gibson, Martin, Mississippi, and/or John Does 1-3, wrongfully and without justification physically assaulted Mr. Kendall.

74.     Defendants Gibson, Martin, Mississippi, and/or John Does 1-3's actions and/or inactions employing excessive force were done willfully, maliciously, wantonly, in bad-faith, and beyond his/her authority.

75.     As a direct and proximate result of the assault and battery alleged above, Mr. Kendall suffered bodily injury that resulted in pain and suffering, mental anguish, and loss of capacity of enjoyment of life.

**Incidents on February 19, 2020**

**COUNT XI**

**Violations of 42 U.S.C. § 1983 – Excessive Force in Violation of Mr. Kendall's**
**8th and 14th Amendment Rights**
**(Against Gibson, Justin, John Does 1-3)**

76.     Paragraphs 3, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

77.     At all times material hereto, Mr. Kendall had a constitutionally protected right to be free from the use of excessive force without justification.

78.     On or about February 19, 2020, Defendants Gibson, Justin, and John Does 1-3 intended to cause, and did cause offensive, painful contact to Mr. Kendall while acting under the color of state law.

79.     Defendants Gibson, Justin, and John Does 1-3 repeatedly hit and punched Mr. Kendall repeatedly while Mr. Kendall was undressed and stepping out of the shower and asking for a larger size jail uniform.

80.     At all material times, it would have been readily apparent to a reasonably competent officer, having due regard for Mr. Kendall's constitutional rights, that the use of physical force employed against Mr. Kendall, was unjustified and was in violation of clearly established law. At all material times, any reasonably competent officer having a reasonable degree of training and expertise, should have known that there was no constitutional or legally justifiable basis to use excessive force against Mr. Kendall.

81.     Defendants Gibson, Justin, and John Does 1-3 while acting under the color of state law as a corrections officer for Escambia County Sheriff's Office, deprived Mr. Kendall of rights secured to him by the Constitution of the United States of America. Defendants Gibson, Justin, and John Does 1-3 assaulted Mr. Kendall while stepping out of the shower. Defendants Gibson, Justin, and John Does 1-3 actions show conscious and deliberate indifference to a right to be free of excessive force, as guaranteed by the 8th and 14th Amendment, which was well-known to Defendants at the time.

82.     Defendants Gibson, Justin, and John Does 1-3 actions constitute conscious and deliberate indifference to Mr. Kendall's rights under the 8th and 14th Amendment of the U.S. Constitution and their conscious and deliberate indifference to those rights was the producing and proximate cause of Mr. Kendall's injuries.

83.     Defendants Gibson, Justin, and John Does 1-3 acts violated Mr. Kendall's clearly established rights constitutional rights, and every reasonable officer would have understood that what they did violated those rights.

84.     As a direct and proximate result of the wrongful conduct of Defendants Gibson, Justin, and John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XII

**Violations of 42 U.S.C. § 1983 – Summary Punishment in Violation of Mr. Kendall's 8th and 14th Amendment Rights**
**(Against Gibson, Justin, Warden Hetrick, John Doe 1-3)**

85.     Paragraphs 3,4, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

86.     Every citizen of the United States is guaranteed due process of law prior to loss of life, liberty or property by the 8th and 14th Amendment to the U.S. Constitution. Defendants Gibson, Justin, and John Does 1-3 unjustly assaulted Mr. Kendall after Defendants Gibson, Justin, and John Does 1-3 took it upon themselves to punish Mr. Kendall by punching him repeatedly in the face, head and chest, and denying him medical care for his injuries caused as a result of the assault.

87.     Defendants Gibson, Justin, and John Does 1-3 acted under color of state law when they assaulted Mr. Kendall. Defendants Gibson, Justin, and John Does 1-3 actions demonstrated their conscious and deliberate indifference to Mr. Kendall's right to due process. Defendants Gibson, Justin, and John Does 1-3 conscious and deliberate indifference to Mr. Kendall's rights under the 8th and 14th Amendment was the proximate and producing cause of Mr. Kendall's injuries.

88.     No reasonable officer could have believed it was reasonable to assault an unarmed man who was stepping out of the shower and explaining he couldn't fit the issued

clothes. At the time he was assaulted, Mr. Kendall posed no threat to the officers or the public; he had already submitted to custody and made no threatening moves to provoke said Defendants. Regardless of how angry Mr. Kendall made said Defendants during this time, Mr. Kendall deserved and was guaranteed due process prior to punishment.

89.    As a direct and proximate result of the wrongful conduct of Defendants Gibson, Justin, and John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XIII

**Violations of 42 U.S.C. § 1983 – Failure to Provide Medical Aid in Violation of Mr. Kendall's 8th and 14th Amendment Rights
(Against Gibson, Justin, Warden Hetrick, John Doe 1-3)**

90.    Paragraphs 3, 4, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

91.    Once a person is in the custody of the Sheriff, the custodial officer or deputy has a duty to provide for his safety and secure medical aid for the person if he is injured.

92.    Defendants Gibson, Justin, Warden Hetrick and John Does 1-3 violated Mr. Kendall's 8th and 14th Amendment rights by failing to secure medical attention for Mr. Kendall immediately after assaulting and injuring him. It appears that Defendants Gibson, Justin, Warden Hetrick and John Does 1-3 intended for Mr. Kendall to suffer and refusal to promptly secure medical attention was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known constitutional rights. Defendants Gibson,

Justin, Warden Hetrick and John Does 1-3's failure to secure medical attention for Mr. Kendall in a timely fashion was the proximate and producing cause of Mr. Kendall's injuries.

93.     As a direct and proximate result of the wrongful conduct of Defendants Gibson, Justin, Warden Hetrick and John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XIV

### Violations of 42 U.S.C. § 1983 - Cruel and Unusual Punishment
### (Against Gibson, Justin, John Doe 1-3)

94.     Paragraphs 3, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

95.     Defendants Gibson, Justin, and John Does 1-3 violated Mr. Kendall's right to be free of cruel and unusual punishment. While it is granted that in a custodial setting, not every push or shove constitutes excessive force or cruel and unusual punishment, the force used by Defendants Gibson, Justin, and John Does 1-3 in physically assaulting Mr. Kendall  Specifically, there was no need to use any force at all against Mr. Kendall when Defendants Gibson, Justin, and John Does 1-3 repeatedly punched him while he was unclothed and stepping out of the shower and explaining that he needed a larger sized clothing. Defendants Gibson, Justin, and John Does 1-3actions were grossly disproportionate to the need under the circumstances and were motivated by malice and for the very purpose of causing harm. Defendants Gibson, Justin, Warden Hetrick and John Does 1-3 actions were not in good faith and were done in deliberate indifference to Mr. Kendall's constitutional rights. Mr. Kendall suffered injury as result of Defendants Gibson, Justin, and John Does 1-3 actions.

96.     As a direct and proximate result of the wrongful conduct of Defendants Gibson, Justin, and John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XV

### State Law Claim -Assault & Battery
### (Against Gibson, Justin, John Does 1-3)

97.     Paragraphs 3, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

98.     While Mr. Kendall were detained at Escambia County Jail, Defendants Gibson, Justin, and John Does 1-3 wrongfully and without justification physically assaulted Mr. Kendall.

99.     Gibson, Justin, and John Does 1-3 actions and/or inactions employing excessive force were done willfully, maliciously, wantonly, in bad-faith, and beyond his/her authority.

100.    As a direct and proximate result of the assault and battery alleged above, Mr. Kendall suffered bodily injury and resulted in pain and suffering, mental anguish, and loss of capacity of enjoyment of life.

## COUNT XVI

### Violations of 42 U.S.C. § 1983 – Policy and Procedure of
### Excessive Force and Cruel and Unusual Punishment

101.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

102.    Warden Hetrick and Fictitious Defendants John Does 4-6 have a policy of using excessive force and subjecting their detainees to cruel and unusual punishment; this is clear from the reactions of the other officers that witnessed the assaults against Plaintiff. Those officers acted as

though the assaults perpetrated on Plaintiff was a common occurrence. Warden Hetrick, and Fictitious Defendants John Does 4-6 may not have a written policy requiring the use of excessive force, but it is apparent that excessive force is the standard procedure for Escambia County jailers and corrections officers. This was evident in Warden Hetrick's response to Plaintiff's pleads for help when he said, "It is what it is."  Warden Hetrick, and Fictitious Defendants John Does 4-6 took no corrective action after it was apparent that corrections officers were unjustly beating inmates and violating the Constitutional rights of the inmates under their charge.  By tacitly approving of excessive force and their proclivity to "turn a blind eye" to gross violations of constitutional rights, Warden Hetrick and Fictitious Defendants John Does 4-6 created a policy of brutality and excessive force. This practice is so pervasive as to have the force of law.

103.    This policy of brutality, excessive force and cruel and unusual punishment demonstrates a conscious indifference to the rights secured for all citizens, including Plaintiff, by the Fourth, Eighth and Fourteenth Amendments of the U.S. Constitution. Defendants Gibson, Justin, Martin, Mississippi and John Does 1-3 were acting pursuant to and in conformity with this policy when they jointly and individually beat Plaintiff.

104.    As a direct and proximate result of the foregoing policy and wrongful conduct of Warden Hetrick and Fictitious Defendants John Does 4-6, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## **<u>COUNT XVII</u>**

### **Violations of 42 U.S.C. § 1983 – Policy and Procedure:**
### **Failure to Adequately Train**

105.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

106.    Warden Hetrick and Fictitious Defendants John Does 7-9, failed to adequately train their corrections officers and jailers in the following areas:

    a.    proper escalation of force,

    b.    the use of excessive force,

    c.    the illegality of excessive force,

    d.    the constitutional limits of the use of force,

    e.    the necessity and proper limits of force in a custodial setting; and

    e.    how to properly and dispassionately confront inmates that have angered the officer.

107.    This policy of failing to adequately train its officers shows a conscious indifference to the rights secured by the Fourth, Eighth and Fourteenth Amendments to the citizens of Alabama and Plaintiff in particular. The failure of Warden Hetrick and Fictitious Defendants John Does 7-9, to properly train their corrections officers and jailers is so reckless that misconduct by their corrections officers and jailers was inevitable. This policy of inadequate training was a producing and proximate cause of Plaintiff's injuries and is so pervasive as to have the force of law.

108.    As a direct and proximate result of the failure to train and wrongful conduct of Warden Hetrick and Fictitious Defendants John Does 7-9, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

### COUNT XVIII

**Violations of 42 U.S.C. § 1983 – Policy and Procedure:
Failure to Adequately Supervise**

109.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

110.    Warden Hetrick and Fictitious Defendants John Does 7-9, has a practice of failing to properly supervise their corrections officers and jailers. This policy includes both the failure to inquire into the officers' daily activities and the said Defendant's failure to reprimand its officers for the use of excessive force. Failing to supervise, like failing to reprimand, has resulted in tacit approval of excessive force; if no one is watching the officers and the officers are not punished for excessive force, then it is reasonable for the officers to assume that those actions are accepted by Warden Hetrick and Fictitious Defendants John Does 7-9; these assaults were witnessed and known to Warden Hetrick and Fictitious Defendants 7-9, who are supervisors and policy makers. This practice is so widespread that officers do not fear punishment. The failure of Warden Hetrick and Fictitious Defendants John Does 7-9, to properly supervise their officers is so rampant that the practice has the force of law; this practice was the proximate and producing cause of Plaintiff's injuries.

111.    As a direct and proximate result of the failure to supervise and the wrongful conduct of Warden Hetrick and Fictitious Defendants John Does 7-9, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

**COUNT XIX**

**42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION**
**FAILURE TO INTERVENE**
**(on November 23, 2019)**

112.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

113.    This cause of action is brought against the Fictitious Defendants John Does 10-12 for their failure to intervene to prevent Defendant Ronald Gibson from violating Plaintiff's constitutional rights on November 23, 2019.

114.    Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force.

115.    Fictitious Defendants John Does 10-12 failed to prevent excessive force and/or cruel and unusual punishment from being committed against Plaintiff when they had a reasonable opportunity to do so.  The failure of Fictitious Defendants John Does 10-12 to intervene is a violation of the Fourth, Eighth, and Fourteenth Amendment and as such is actionable under 42 U.S.C. § 1983.

116.    As a direct and proximate result of the failure to intervene and the wrongful conduct of Fictitious Defendants John Does 10-12, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## **COUNT XX**

**42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION**
**FAILURE TO INTERVENE**
**(on November 24, 2019)**

117.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

118.    This cause of action is brought against the Fictitious Defendants John Does 10-12 for their failure to intervene to prevent Defendant Ronald Gibson from violating Plaintiff's constitutional rights on November 24, 2019.

119.    Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force.

120.    Fictitious Defendants John Does 10-12 failed to prevent excessive force and/or cruel and unusual punishment from being committed against Plaintiff when they had a reasonable opportunity to do so.  The failure of Fictitious Defendants John Does 10-12 to intervene is a violation of the Fourth, Eighth, and Fourteenth Amendment and as such is actionable under 42 U.S.C. § 1983.

121.    As a direct and proximate result of the failure to intervene and the wrongful conduct of Fictitious Defendants John Does 10-12, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XIX

**42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION**
**FAILURE TO INTERVENE**
**(on February 19, 2020)**

122.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

123.    This cause of action is brought against the Warden Hetrick and Fictitious Defendants John Does 10-12 for their failure to intervene to prevent Defendant Ronald Gibson from violating Plaintiff's constitutional rights on February 19, 2019.

124.    Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force.

125.    Warden Hetrick and Fictitious Defendants John Does 10-12 failed to prevent excessive force and/or cruel and unusual punishment from being committed against Plaintiff when they had a reasonable opportunity to do so.  The failure of Warden Hetrick and Fictitious Defendants John Does 10-12 to intervene is a violation of the Fourth, Eighth, and Fourteenth Amendment and as such is actionable under 42 U.S.C. § 1983.

126.    As a direct and proximate result of the failure to intervene and the wrongful conduct of Warden Hetrick and Fictitious Defendants John Does 10-12, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## GENERAL PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** for each count alleged above, the Mr. Kendall prays for the following relief against all Defendants, separately and severally:

A.  Compensatory damages in an amount the jury finds to be full, fair, adequate, and reasonable;

B.  Punitive Damages in an amount the jury finds to adequately punish Defendants for their conduct and to deter others who are similarly situated;

C.  Reasonable attorney's fees, court costs and expenses, including expert witness fees;

D.  An award of pre-judgment and post-judgement interest at the highest rates allowed by law; and

E.  Such other, further relief as appears reasonable and just.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

**Attorneys for Plaintiff**

DOCUMENT 8

*s/ G. Rick DiGiorgio*
G. Rick DiGiorgio (DIG002)
Julianne Zilahy (ZIL001)
CORY WATSON, PC
2131 Magnolia Avenue South
Birmingham, AL 35205
T: 205-328-2200
F: 205-325-7896
rdigiorgio@corywatson.com
jzilhany@corywatson.com



AlaFile E-Notice

30-CV-2021-900148.00

To:  GEORGE RICHARD DIGIORGIO
     rdigiorgio@cwcd.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following alias summons was FILED on 1/26/2022 10:35:15 AM

Notice Date:      1/26/2022 10:35:15 AM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:   RONALD GIBSON
      1202 DAILEY STREET
      BREWTON, AL, 36426

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following alias summons was FILED on 1/26/2022 10:35:15 AM

Notice Date:     1/26/2022 10:35:15 AM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:  HETRICK RICHARD (PRO SE)
ESCAMBIA COUNTY JAIL
316
BREWTON, AL, 36642-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following alias summons was FILED on 1/26/2022 10:35:15 AM

Notice Date:     1/26/2022 10:35:15 AM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To: HETRICK JUSTIN (PRO SE)
39 FISHING VILLAGE CIRCLE
BREWTON, AL, 36426-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following alias summons was FILED on 1/26/2022 10:35:15 AM

Notice Date:        1/26/2022 10:35:15 AM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:  MARTIN OFFICER (PRO SE)
ESCAMBIA COUNTY JAIL
316
BREWTON, AL, 36426-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following alias summons was FILED on 1/26/2022 10:35:15 AM

Notice Date:      1/26/2022 10:35:15 AM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:  MISSISSIPPI OFFICER (PRO SE)
ESCAMBIA COUNTY JAIL
316
BREWTON, AL, 36426-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following alias summons was FILED on 1/26/2022 10:35:15 AM

Notice Date:     1/26/2022 10:35:15 AM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:  ZILAHY JULIANNE NICOLE
     JZilahy@CoryWatson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following alias summons was FILED on 1/26/2022 10:35:15 AM

Notice Date:     1/26/2022 10:35:15 AM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>30-CV-2021-900148.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA**
**SHANE KENDALL V. RONALD GIBSON ET AL**

**NOTICE TO:** RONALD GIBSON, 1202 DAILEY STREET, BREWTON, AL 36426

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GEORGE RICHARD DIGIORGIO                                                                                          ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2131 MAGNOLIA AVENUE, BIRMINGHAM, AL 35205                              .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                              *(Name(s))*

| 01/26/2022 | /s/ JOHN FOUNTAIN | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.                              _____

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                              *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*

DOCUMENT 111

ELECTRONICALLY FILED
1/26/2022 10:57 AM
30-CV-2021-900148.00
CIRCUIT COURT OF
ESCAMBIA COUNTY, ALABAMA
JOHN FOUNTAIN, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>30-CV-2021-900148.00<br><br>Date of Filing:     Judge Code:<br>11/23/2021 |
| --- | --- | --- |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA
### SHANE KENDALL v. RONALD GIBSON ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other    **First Defendant:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☑ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**   F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER

R ☐ REMANDED        T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO     Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**     ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

DIG002            11/23/2021 8:54:11 PM            /s/ GEORGE RICHARD DIGIORGIO
_____            _____            _____
                        Date                    Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**     ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**     ☐ YES  ☑ NO

DOCUMENT 21

ELECTRONICALLY FILED
11/23/2021 8:54 PM
30-CV-2021-900148.00
CIRCUIT COURT OF
ESCAMBIA COUNTY, ALABAMA
JOHN FOUNTAIN, CLERK

## IN THE CIRCUIT COURT OF ESCAMBIA COUNTY ALABAMA

**SHANE KENDALL,** )
    **Plaintiff** )
  )
**v.** )
    **RONALD GIBSON, individually;** )
**RICHARD HETRICK, individually;** )
**JUSTIN HETRICK, individually;** )
**OFFICER MARTIN, individually;** )
**OFFICER MISSISSIPPI,** )
**individually;** *No. 1*, whether singular or )
plural, Plaintiff hereby intending to )
designate that person, firm, corporation or )
other legal entity known only to the Plaintiff )
as, Richard Hetrick, Ronald Gibson, Officer )
Martin, Officer Mississippi, Justin Hetrick, )
and **John Does 1-3** whether singular or )
plural, Plaintiff hereby intending to )
designate that person, firm, corporation or )
other legal entity who physically struck the )
Plaintiff at anytime while he was )
incarcerated at the Escambia County Jail in )
violation of his Constitutional rights; **John** )
**Does 4-6,** whether singular or plural, )
Plaintiff hereby intending to designate that )
person, firm, corporation or other legal )
entity who established policy and )
procedures that allowed or encouraged the )
corrections officers an jailers at the )
Escambia County Jail to use excessive force )
or cruel and unusual punishment against )
Plaintiff in 2019 and/or 2020; **Does 7-9,** )
whether singular or plural, Plaintiff hereby )
intending to designate that person, firm, )
corporation or other legal entity who failed )
to train and/or supervise or improperly )
supervised and/or trained the corrections )
officers an jailers at the Escambia County )
Jail in 2019 and/or 2020 as complained of )
in Plaintiff's complaint; )
    **John Does 10-12**, whether singular or )
plural, Plaintiff hereby intending to )
designate that person, firm, corporation or )
other legal entity who failed to intervene to )
prevent the Plaintiff from being deprived of )
his constitutional rights on the occasions set )
forth in Plaintiff's complaint.  Plaintiff )

**CIVIL ACTION NO.:**

DOCUMENT 12

avers that the identity of the Fictitiously )
named Party Defendants is otherwise )
unknown to Plaintiff at this time, or, if their )
names are known to Plaintiff at this time )
their identity as proper Party Defendants is )
not known to Plaintiff at this time; but their )
true names will be substituted by )
amendment when the aforesaid lacking )
knowledge is ascertained. )
**Defendants,** )

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Shane Kendall, by and through his undersigned counsel, and brings this action against Defendants and shows unto this honorable court the following:

## NATURE OF ACTION

1.      This is a civil case brought for violation of the common law of the State of Alabama, and for violations of civil rights brought by Plaintiff pursuant to 42 U.S.C. §§ 1983 and 1988 alleging violation(s) of the rights, privileges, and immunities secured and guaranteed to Plaintiff by the Eighth and Fourteenth Amendment to the United States Constitution, while Plaintiff was a pre-hearing detainee in custody in the Escambia County Jail in Brewton, Alabama.

2.      This is an action for compensatory, general, and punitive damages. Plaintiff requests this honorable court to declare that the acts and/or omissions by the Defendants were unconstitutional under the Constitution of the United States; and by an award of compensatory, general, and punitive damages, compensate him for the violations of his constitutional rights and sufficient to deter the Defendants and others of such unconstitutional acts and/or omissions in the future.

## PARTIES

DOCUMENT 121

3.      Plaintiff, **SHANE KENDALL** (hereinafter "Plaintiff" or "Mr. Kendall"), is or was a resident of Escambia County, Alabama and is over the age of nineteen (19) years. At all times relevant to this complaint Kendall was a pre-hearing detainee in the custody of the Escambia County Jail in Brewton, Alabama for a technical probation violation.

4.      Defendant, **RICHARD HETRICK** (hereinafter "Warden Hetrick") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra,* Defendant Warden Hetrick was a commander for Escambia County Sheriff's Office and serving as the Warden at Escambia County Jail in Brewton, Alabama. Defendant Warden Hetrick is sued exclusively in his individual capacity

5.      Defendant, **RONALD GIBSON** (hereinafter "Gibson") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra,* Defendant Gibson was employed by the Escambia County Sheriff's Office and was serving as a Correctional Officer at Escambia County Jail. Defendant Gibson is sued in his individual capacity.

6.      Defendant, **OFFICER MARTIN** (hereinafter "Martin") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra,* Defendant Martin was employed by the Escambia County Sheriff's Office and was serving as a Correctional Officer at Escambia County Jail. Defendant Martin is sued in his individual capacity.

7.      Defendant, **OFFICER MISSISSIPPI** (hereinafter "Mississippi") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra,* Defendant Mississippi was

employed by the Escambia County Sheriff's Office and was serving as a Correctional Officer at Escambia County Jail. Defendant Mississippi is sued in his individual capacity.

8.    Defendant**, JUSTIN HETRICK** (hereinafter "Justin") upon information and belief, is above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra,* Defendant Justin was employed by the Brewton Alabama Police Department and is the son of Defendant Warden Hetrick. Defendant Justin is sued in his individual capacity.

9.    Defendants **JOHN DOES 1-3** (hereinafter "John Does1-3") upon information and belief, are above the age of nineteen (19) years and is a resident of Escambia County, Alabama. At the time of the events, as laid out *infra,* Defendants were employed by the Escambia County Sheriff's Office and were serving as a Correctional Officers at Escambia County Jail. Defendants are sued in their individual capacity.

## JURIDICTION AND VENUE

10.    Jurisdiction and venue are proper as the incidents involved occurred in Brewton, Escambia County, Alabama and within the Judicial District of the Circuit Court for Escambia County, Alabama.

## FACTUAL ALLEGATIONS

11.    On or about November 23, 2019, Mr. Kendall was booked into the Escambia County Jail in Brewton, Alabama for a charge of a technical probation violation.

12.    Shortly after arriving, Mr. Kendall was made to sit in a restraint chair to which he was secured by handcuffs on both hands and leg shackles on both legs. Once Mr. Kendall was

fully secured to the chair with handcuffs and leg shackles, without justification, Defendant Gibson violently punched and slapped Mr. Kendall in the head, face and chest multiple times.

13.    After Gibson finished his violent assault on Mr. Kendall, Mr. Kendall was placed in a holding cell still cuffed and shackled to the restraint chair.

14.    The beating administered by Gibson on Mr. Kendall was severe enough to cause injuries to Mr. Kendall including whelps, bruises, swelling, lacerations and bleeding. Mr. Kendall asked for medical attention and to have a "body chart" report filled out but his requests for both were denied.

15.    Later that afternoon, on November 23, 2019, Officer Goshen allowed Mr. Kendall out of the restraint chair, cuffs, and shackles for a short time to eat and use the restroom.

16.    After Mr. Kendall ate and used the restroom, he was told that he had to get back into the chair, cuffs, and leg shackles. Mr. Kendall begged and pleaded not to be placed back in the chair and restraints to no avail. He was once again unnecessarily confined to the restraint chair with his hands and legs shackled to the chair.

17.    At or around 4:00 p.m. on November 23, 2019, Mr. Kendall, still cuffed and shackled to the chair, was moved to the stairwell of Unit 2 of Escambia County Jail where he was left all evening, overnight, and into the next day. During this time, Mr. Kendall continued to be restrained in an uncomfortable position, not allowed free from handcuffs and leg shackles to the chair, denied access to water, and denied access to a toilet.

18.    The next morning, or on or about, November 24, 2019, at approximately 7:00 a.m., Defendants Gibson, Mississippi, and Martin came to the stairwell of Unit 2 where Mr. Kendall was still handcuffed and shackled to the chair and violently assaulted him by punching

him multiples times in the head, face, and chest without justification. The beating administered by Gibson, Martin and Mississippi was severe enough to cause whelps, bruises, swelling, lacerations, bleeding, and black eye. This attack, like the previous attack by Gibson, was unjustified. Mr. Kendall was cuffed and shackled to a chair and stairwell at the time and Mr. Kendall posed no threat to Gibson, Martin, Mississippi, or anyone else at the time. As in the first assault, Mr. Kendall again asked for medical treatment and a "body chart" to be filled out but was denied both again.

19.     A short time later, on November 24, 2019, Mr. Kendall asked to be taken to Warden Hetrick. Once in Warden Hetrick's office Mr. Kendall complained about the assaults, the unnecessary cuffing and shackling to the chair for approximately 18 hours, and the lack of medical treatment and "body charts". Mr. Kendall was scared that he would continue to be assaulted by said Defendant corrections officers and pleaded with Warden Hetrick to do something about the assaults and his conditions of confinement. Hetrick's response to Mr. Kendall was "it is what it is" and denied any medical treatment or shielding from further attacks.

20.     On or about December 4th, 2019, Mr. Kendall was released from Escambia County Jail for his probation violation.

21.     On or about February 19, 2020, Defendant was again booked into to Escambia County Jail on a charge of a technical probation violation.

22.     Shortly after arriving and during the booking process Mr. Kendall showered and was getting ready to change into jail issued clothing. As Mr. Kendall was coming out of the shower, Defendant Gibson, approached Mr. Kendall and threw a jail issued outfit at him that was 2-3 sizes too small. As Mr. Kendall started trying to explain to Gibson that at 300 lbs. he could not fit into the large size jail clothes Gibson had given him, but before Mr. Kendall could finish

his sentence, Defendant Gibson started to assault Mr. Kendall, by repeatedly punching him in the head and face. Defendants Justin, John Does 1-3 who were standing close by also not only failed to intervene but instead jumped in and started punching and hitting Mr. Kendall while Warden Hetrick stood by, watching, and failing to intervene.

23.     As a result of this violent assault on Mr. Kendall, he sustained multiple injuries to his body, including being bruised, swollen, and bloodied with blood coming out of his mouth and ears. Despite these injuries, Mr. Kendall was once again denied medical treatment and a body chart.

24.     Defendants Gibson, Martin, Mississippi, Justin, John Does 1-12, and Warden Hetrick, acting under color of state law and pursuant to a widespread custom and practice of the Escambia County Sheriff's Department, unconstitutionally deprived Mr. Kendall of his rights.

## CAUSES OF ACTIONS

**Incidents on November 23, 2019**

### COUNT I

**Violations of 42 U.S.C. § 1983 – Excessive Force in Violation of Mr. Kendall's 8th and 14th Amendment Rights
(Against Gibson)**

25.     Paragraphs 3, 5, 10, 11 through 17, are incorporated by reference herein as if set out in full.

26.     At all times material hereto, Mr. Kendall had a constitutionally protected right to be free from the use of excessive force without justification.

27.     On or about November 23, 2019, Gibson and/or John Does 1-3 intended to cause, and did cause offensive, painful contact to Mr. Kendall while acting under the color of state law.

28.     Gibson and/or John Does 1-3 repeatedly hit and punched Mr. Kendall repeatedly while Mr. Kendall was restrained, handcuffed, and shackled to a chair, by both hands and legs.

29.     At all material times, it would have been readily apparent to a reasonably competent officer, having due regard for Mr. Kendall's constitutional rights, that the use of physical force employed against Mr. Kendall, who was physically restrained in a chair with cuffs and leg shackles, was unjustified and was in violation of clearly established law and human decency. At all material times, any reasonably competent officer having a reasonable degree of training and expertise, should have known that there was no constitutional or legally justifiable basis to use excessive force against Mr. Kendall.

30.     Gibson and/or John Does 1-3, while acting under the color of state law as a corrections officer for Escambia County Sheriff's Office, deprived Mr. Kendall of rights secured to him by the Constitution of the United States of America. Gibson and/or John Does 1-3 assaulted Mr. Kendall while he was in custody, handcuffed and shackled and secured to a chair. Gibson's actions show conscious and deliberate indifference to a right to be free of excessive force, as guaranteed by the 8th and 14th Amendment, which was well-known to Gibson and/or John Does 1-3 at the time.

31.     Gibson and/or John Does 1-3's actions constitute conscious and deliberate indifference to Mr. Kendall's rights under the 8th and 14th Amendment of the U.S. Constitution and his conscious and deliberate indifference to those rights was the producing and proximate cause of Mr. Kendall's injuries.

32.     Gibson and/or John Does 1-3's acts violated Mr. Kendall's clearly established constitutional rights, and every reasonable police officer would have understood that what he did violated those rights.

33.     As a direct and proximate result of the wrongful conduct of Gibson and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

### COUNT II –

**Violations of 42 U.S.C. § 1983 – Summary Punishment in Violation of Mr. Kendall's 8th and 14th Amendment Rights**
**(Against Gibson)**

34.     Paragraphs 3, 5, 10, 11 through 17 are incorporated by reference herein as if set out in full.

35.     Every citizen of the United States is guaranteed due process of law prior to loss of life, liberty, or property by the 14th Amendment to the U.S. Constitution. Gibson and/or John Does 1-3 assaulted Mr. Kendall after Mr. Kendall was in custody and cuffed and shackled to a chair. Gibson took it upon himself to punish Mr. Kendall by assaulting him, injuring him.

36.     No reasonable officer could have believed it was reasonable to assault a man who was handcuffed and shackled to a chair. At the time he was assaulted, Mr. Kendall posed no threat to the officer or the public. Regardless of how angry Mr. Kendall made Gibson and/or John Does 1-3 during this time, Mr. Kendall deserved and was guaranteed due process prior to punishment. It appears that Gibson and/or John Does 1-3 intended to cause harm and

punish Mr. Kendall and forcing Mr. Kendall to be unnecessarily cuffed and shackled to a chair for approximately 18 hours was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known constitutional rights.

37.    Gibson and/or John Does 1-3 acted under color of state law when he assaulted Mr. Kendall. Gibson's actions demonstrated his conscious and deliberate indifference to Mr. Kendall's right to due process. Gibson and/or John Does 1-3's conscious and deliberate indifference to Mr. Kendall's rights under the 14th Amendment was the proximate and producing cause of Mr. Kendall's injuries.

38.    As a direct and proximate result of the wrongful conduct of Gibson and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT III

### Violations of 42 U.S.C. § 1983 – Deliberate Indifference To Medical Needs
### (Against Gibson)

39.    Paragraphs 3, 5, 10, 11 through 17 are incorporated by reference herein as if set out in full.

40.    Once a person is in the custody of the Sheriff, the custodial officer or deputy has a duty to provide for his safety and secure medical aid for the person if he is injured.

41.    Gibson and/or John Does 1-3 violated Mr. Kendall's 8th and 14th Amendment rights by failing to secure medical attention for Mr. Kendall immediately after assaulting and injuring him. Again, it appears that Gibson and/or John Does 1-3's intention was for Mr. Kendall to suffer and refusal to promptly secure medical attention was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known

constitutional rights. Gibson and/or John Does 1-3's failure to secure medical attention for Mr. Kendall in a timely fashion was the proximate and producing cause of Mr. Kendall's injuries.

42.     As a direct and proximate result of the wrongful conduct of Gibson and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT IV

### Violations of 42 U.S.C. § 1983 - Cruel and Unusual Punishment
### (Against Gibson)

43.     Paragraphs 3, 5, 10, 11 through 17 are incorporated by reference herein as if set out in full.

44.     Because Mr. Kendall was in custody on November 23, 2019, when he was assaulted by Gibson and/or John Does 1-3, Gibson and/or John Does 1-3 violated Mr. Kendall's 8th and 14th Amendment right to be free of cruel and unusual punishment. While it is granted that in a custodial setting, not every push or shove constitutes excessive force or cruel and unusual punishment, the force used by Gibson and/or John Does 1-3 in physically assaulting Mr. Kendall while handcuffed and shackled to a chair, depriving him of medical treatment, and continuing to handcuff him to a chair overnight constituted cruel and unusual punishment. Specifically, there was no need to use any force at all against Mr. Kendall when Gibson and/or John Does 1-3 repeatedly punched him while he was handcuffed and shackled to a chair. Gibson's actions were grossly disproportionate to the need under the circumstances and were motivated by malice and for the very purpose of causing harm. Gibson and/or John

Does 1-3's actions were not in good faith and were done in deliberate indifference to Mr. Kendall's constitutional rights. Mr. Kendall suffered injury as result of Gibson's unconstitutional, cruel and unusual punishment.

45.     As a direct and proximate result of the wrongful conduct of Gibson and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT V

### State Law Claim -Assault & Battery
### (Against Gibson)

46.     Paragraphs 3, 5, 10, 11 through 17 are incorporated by reference herein as if set out in full.

47.     While Mr. Kendall were incarcerated at Escambia County Jail, Defendant, Gibson and/or John Does 1-3, wrongfully and without justification physically assaulted Mr. Kendall.

48.     Gibson and/or John Does 1-3's actions and/or inactions employing excessive force were done willfully, maliciously, wantonly, in bad-faith, and beyond his/her authority.

49.     As a direct and proximate result of the assault and battery alleged above, Mr. Kendall suffered bodily injury and resulted in pain and suffering, mental anguish, and loss of capacity of enjoyment of life.

**Incidents on November 24,2019**

### COUNT VI-
### Violations of 42 U.S.C. § 1983 – Excessive Force in Violation of Mr. Kendall's 8th and 14th Amendment Rights
### (Against Defendants Gibson, Martin, and Mississippi)

50.     Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

51.     At all times material hereto, Mr. Kendall had a constitutionally protected right to be free from the use of excessive force without justification.

52.     On or about November 24th, 2019, Gibson, Martin, Mississippi and/or John Does 1-3 intended to cause, and did cause offensive, painful contact to Mr. Kendall while acting under the color of state law.

53.     Gibson, Martin, Mississippi and/or John Does 1-3 repeatedly hit and punched Mr. Kendall while Mr. Kendall was restrained, handcuffed, and shackled to a chair.

54.     At all material times, it would have been readily apparent to a reasonably competent officer, having due regard for Mr. Kendall's constitutional rights, that the use of physical force employed against Mr. Kendall, who was physically restrained in a chair with cuffs and leg shackles, was unjustified and was in violation of clearly established law. At all material times, any reasonably competent officer having a reasonable degree of training and expertise, should have known that there was no constitutional or legally justifiable basis to use excessive force against Mr. Kendall.

55.     Gibson, Martin, Mississippi and/or John Does 1-3 while acting under the color of state law as corrections officers for Escambia County Sheriff's Office, deprived Mr. Kendall of rights secured to him by the Constitution of the United States of America. Gibson, Martin, Mississippi and/or John Does 1-3 assaulted Mr. Kendall while he was in custody, handcuffed and shackled and secured to a chair. Gibson, Martin, Mississippi and/or John Does 1-3's actions show conscious and deliberate indifference to a right to be free of excessive force, as guaranteed by the 8th and 14th Amendment, which was well-known to Defendants at the time.

56.     Gibson, Martin, Mississippi and/or John Does 1-3's actions constitute conscious and deliberate indifference to Mr. Kendall's rights under the 8th and 14th Amendment of the U.S. Constitution and their conscious and deliberate indifference to those rights was the producing and proximate cause of Mr. Kendall's injuries.

57.     Gibson, Martin, Mississippi and/or John Does 1-3 acts violated Mr. Kendall's clearly established rights, and every reasonable police officer would have understood that what they did violated those rights.

58.     As a direct and proximate result of the wrongful conduct of Gibson, Martin Mississippi and/or John Does 1-3 the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT VII–
### Violations of 42 U.S.C. § 1983 – Summary Punishment in Violation of Mr. Kendall's 8th and 14th Amendment Rights
### (Against Defendants Gibson, Martin, and Mississippi)

59     Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

60.     Every citizen of the United States is guaranteed due process of law prior to loss of life, liberty or property by the 14th Amendment to the U.S. Constitution. Gibson, Martin, Mississippi and/or John Does 1-3 assaulted Mr. Kendall after Mr. Kendall was in custody and cuffed and shackled to a chair. Defendants took it upon themselves to punish Mr. Kendall by assaulting him and injuring him.

61.     No reasonable officer could have believed it was reasonable to assault a man who was handcuffed and shackled to a chair. At the time he was assaulted, Mr. Kendall posed

no threat to the officers or the public. Regardless of how angry Mr. Kendall made Gibson, Martin, Mississippi and/or John Does 1-3 during this time, Mr. Kendall deserved and was guaranteed due process prior to punishment. It appears that Gibson, Martin, Mississippi and/or John Does 1-3 intended cause harm and punish Mr. Kendall and forcing Mr. Kendall to be unnecessarily cuffed and shackled to a chair for approximately 18 hours was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known constitutional rights.

62.     Gibson, Martin, Mississippi and/or John Does 1-3 acted under color of state law when they assaulted Mr. Kendall. Defendants' actions demonstrated their conscious and deliberate indifference to Mr. Kendall's right to due process. Defendants' conscious and deliberate indifference to Mr. Kendall's rights was the proximate and producing cause of Mr. Kendall's injuries.

63.     Gibson, Martin, Mississippi and/or John Does 1-3's acts violated Mr. Kendall's clearly established rights, and every reasonable officer would have understood that what they did violated those rights.

64.     As a direct and proximate result of the wrongful conduct of Gibson, Martin Mississippi and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT VIII

**Violations of 42 U.S.C. § 1983 – Failure to Provide Medical Aid in Violation of Mr. Kendall's 8th and 14th Amendment Rights**
**(Against Defendants Gibson, Martin, and Mississippi)**

65.     Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

66.     Once a person is in the custody of the Sheriff, the custodial officer or deputy has a duty to provide for his safety and secure medical aid for the person if he is injured.

67.     Gibson, Martin, Mississippi and/or John Does 1-3 violated Mr. Kendall's 8th and 14th Amendment rights by failing to secure medical attention for Mr. Kendall immediately after assaulting and injuring him. Again, it appears that Gibson, Martin, Mississippi and/or John Does 1-3's intention was for Mr. Kendall to suffer and refusal to promptly secure medical attention was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known constitutional rights.

68.     As a direct and proximate result of the wrongful conduct of Defendants Gibson, Martin, Mississippi and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT IX

**Violations of 42 U.S.C. § 1983 8th and 14th  Amendment - Cruel and Unusual Punishment**
**(Against Defendants Gibson, Martin, and Mississippi)**

69.     Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

70.     Because Mr. Kendall was in custody on November 24, 2019, while he was assaulted by Gibson. Martin, Mississippi, and/or John Does 1-3, said Defendants violated Mr. Kendall's 8th and 14th Amendment right to be free of cruel and unusual punishment. While it

is granted that in a custodial setting, not every push or shove constitutes excessive force or cruel and unusual punishment, the force used by Gibson, Martin, Mississippi, and/or John Does 1-3 in physically assaulting Mr. Kendall while handcuffed and shackled to a chair, depriving him of medical treatment, and continuing to handcuff him to a chair overnight. Specifically, there was no need to use any force at all against Mr. Kendall when Gibson, Martin, Mississippi, and/or John Does 1-3 repeatedly punched him while he was handcuffed and shackled to a chair. Gibson, Martin, Mississippi, and/or John Does 1-3's actions were grossly disproportionate to the need under the circumstances and were motivated by malice and for the very purpose of causing harm. Gibson, Martin, Mississippi, and/or John Does 1-3's actions were not in good faith and were done in deliberate indifference to Mr. Kendall's constitutional rights. Mr. Kendall suffered injury as result of Gibson, Martin, Mississippi, and/or John Does 1-3's unconstitutional, cruel and unusual punishment.

71.     As a direct and proximate result of the wrongful conduct of Gibson, Martin, Mississippi, and/or John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT X

**State Law Claim -Assault & Battery**
**(Against Defendants Gibson, Martin, and Mississippi)**

72.     Paragraphs 3, 5, 6, 7, 10, 18 and 19 are incorporated by reference herein as if set out in full.

73.    While Mr. Kendall was a detainee at Escambia County Jail, Defendants Gibson, Martin, Mississippi, and/or John Does 1-3, wrongfully and without justification physically assaulted Mr. Kendall.

74.    Defendants Gibson, Martin, Mississippi, and/or John Does 1-3's actions and/or inactions employing excessive force were done willfully, maliciously, wantonly, in bad-faith, and beyond his/her authority.

75.    As a direct and proximate result of the assault and battery alleged above, Mr. Kendall suffered bodily injury that resulted in pain and suffering, mental anguish, and loss of capacity of enjoyment of life.

**Incidents on February 19, 2020**

**COUNT XI**

**Violations of 42 U.S.C. § 1983 – Excessive Force in Violation of Mr. Kendall's
8th and 14th Amendment Rights
(Against Gibson, Justin, John Does 1-3)**

76.    Paragraphs 3, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

77.    At all times material hereto, Mr. Kendall had a constitutionally protected right to be free from the use of excessive force without justification.

78.    On or about February 19, 2020, Defendants Gibson, Justin, and John Does 1-3 intended to cause, and did cause offensive, painful contact to Mr. Kendall while acting under the color of state law.

79.     Defendants Gibson, Justin, and John Does 1-3 repeatedly hit and punched Mr. Kendall repeatedly while Mr. Kendall was undressed and stepping out of the shower and asking for a larger size jail uniform.

80.     At all material times, it would have been readily apparent to a reasonably competent officer, having due regard for Mr. Kendall's constitutional rights, that the use of physical force employed against Mr. Kendall, was unjustified and was in violation of clearly established law. At all material times, any reasonably competent officer having a reasonable degree of training and expertise, should have known that there was no constitutional or legally justifiable basis to use excessive force against Mr. Kendall.

81.     Defendants Gibson, Justin, and John Does 1-3 while acting under the color of state law as a corrections officer for Escambia County Sheriff's Office, deprived Mr. Kendall of rights secured to him by the Constitution of the United States of America. Defendants Gibson, Justin, and John Does 1-3 assaulted Mr. Kendall while stepping out of the shower. Defendants Gibson, Justin, and John Does 1-3 actions show conscious and deliberate indifference to a right to be free of excessive force, as guaranteed by the 8th and 14th Amendment, which was well-known to Defendants at the time.

82.     Defendants Gibson, Justin, and John Does 1-3 actions constitute conscious and deliberate indifference to Mr. Kendall's rights under the 8th and 14th Amendment of the U.S. Constitution and their conscious and deliberate indifference to those rights was the producing and proximate cause of Mr. Kendall's injuries.

83.     Defendants Gibson, Justin, and John Does 1-3 acts violated Mr. Kendall's clearly established rights constitutional rights, and every reasonable officer would have understood that what they did violated those rights.

84.     As a direct and proximate result of the wrongful conduct of Defendants Gibson, Justin, and John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XII

**Violations of 42 U.S.C. § 1983 – Summary Punishment in Violation of Mr. Kendall's 8th and 14th Amendment Rights**
**(Against Gibson, Justin, Warden Hetrick, John Doe 1-3)**

85.     Paragraphs 3,4, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

86.     Every citizen of the United States is guaranteed due process of law prior to loss of life, liberty or property by the 8th and 14th Amendment to the U.S. Constitution. Defendants Gibson, Justin, and John Does 1-3 unjustly assaulted Mr. Kendall after Defendants Gibson, Justin, and John Does 1-3 took it upon themselves to punish Mr. Kendall by punching him repeatedly in the face, head and chest, and denying him medical care for his injuries caused as a result of the assault.

87.     Defendants Gibson, Justin, and John Does 1-3 acted under color of state law when they assaulted Mr. Kendall. Defendants Gibson, Justin, and John Does 1-3 actions demonstrated their conscious and deliberate indifference to Mr. Kendall's right to due process. Defendants Gibson, Justin, and John Does 1-3 conscious and deliberate indifference to Mr. Kendall's rights under the 8th and 14th Amendment was the proximate and producing cause of Mr. Kendall's injuries.

88.     No reasonable officer could have believed it was reasonable to assault an unarmed man who was stepping out of the shower and explaining he couldn't fit the issued

clothes. At the time he was assaulted, Mr. Kendall posed no threat to the officers or the public; he had already submitted to custody and made no threatening moves to provoke said Defendants. Regardless of how angry Mr. Kendall made said Defendants during this time, Mr. Kendall deserved and was guaranteed due process prior to punishment.

89.     As a direct and proximate result of the wrongful conduct of Defendants Gibson, Justin, and John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XIII

**Violations of 42 U.S.C. § 1983 – Failure to Provide Medical Aid in Violation of Mr. Kendall's 8th and 14th Amendment Rights (Against Gibson, Justin, Warden Hetrick, John Doe 1-3)**

90.     Paragraphs 3, 4, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

91.     Once a person is in the custody of the Sheriff, the custodial officer or deputy has a duty to provide for his safety and secure medical aid for the person if he is injured.

92.     Defendants Gibson, Justin, Warden Hetrick and John Does 1-3 violated Mr. Kendall's 8th and 14th Amendment rights by failing to secure medical attention for Mr. Kendall immediately after assaulting and injuring him. It appears that Defendants Gibson, Justin, Warden Hetrick and John Does 1-3 intended for Mr. Kendall to suffer and refusal to promptly secure medical attention was a further step in that plan and constituted conscious and deliberate indifference to Mr. Kendall's known constitutional rights. Defendants Gibson,

Justin, Warden Hetrick and John Does 1-3's failure to secure medical attention for Mr. Kendall in a timely fashion was the proximate and producing cause of Mr. Kendall's injuries.

93.     As a direct and proximate result of the wrongful conduct of Defendants Gibson, Justin, Warden Hetrick and John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XIV

### Violations of 42 U.S.C. § 1983 - Cruel and Unusual Punishment
### (Against Gibson, Justin, John Doe 1-3)

94.     Paragraphs 3, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

95.     Defendants Gibson, Justin, and John Does 1-3 violated Mr. Kendall's right to be free of cruel and unusual punishment. While it is granted that in a custodial setting, not every push or shove constitutes excessive force or cruel and unusual punishment, the force used by Defendants Gibson, Justin, and John Does 1-3 in physically assaulting Mr. Kendall  Specifically, there was no need to use any force at all against Mr. Kendall when Defendants Gibson, Justin, and John Does 1-3 repeatedly punched him while he was unclothed and stepping out of the shower and explaining that he needed a larger sized clothing. Defendants Gibson, Justin, and John Does 1-3actions were grossly disproportionate to the need under the circumstances and were motivated by malice and for the very purpose of causing harm. Defendants Gibson, Justin, Warden Hetrick and John Does 1-3 actions were not in good faith and were done in deliberate indifference to Mr. Kendall's constitutional rights. Mr. Kendall suffered injury as result of Defendants Gibson, Justin, and John Does 1-3 actions.

96.     As a direct and proximate result of the wrongful conduct of Defendants Gibson, Justin, and John Does 1-3, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XV

### State Law Claim -Assault & Battery
### (Against Gibson, Justin, John Does 1-3)

97.     Paragraphs 3, 5, 9, 10 and 21-24 are incorporated by reference herein as if set out in full.

98.     While Mr. Kendall were detained at Escambia County Jail, Defendants Gibson, Justin, and John Does 1-3 wrongfully and without justification physically assaulted Mr. Kendall.

99.     Gibson, Justin, and John Does 1-3 actions and/or inactions employing excessive force were done willfully, maliciously, wantonly, in bad-faith, and beyond his/her authority.

100.    As a direct and proximate result of the assault and battery alleged above, Mr. Kendall suffered bodily injury and resulted in pain and suffering, mental anguish, and loss of capacity of enjoyment of life.

## COUNT XVI

### Violations of 42 U.S.C. § 1983 – Policy and Procedure of
### Excessive Force and Cruel and Unusual Punishment

101.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

102.    Warden Hetrick and Fictitious Defendants John Does 4-6 have a policy of using excessive force and subjecting their detainees to cruel and unusual punishment; this is clear from the reactions of the other officers that witnessed the assaults against Plaintiff. Those officers acted as

though the assaults perpetrated on Plaintiff was a common occurrence. Warden Hetrick, and Fictitious Defendants John Does 4-6 may not have a written policy requiring the use of excessive force, but it is apparent that excessive force is the standard procedure for Escambia County jailers and corrections officers. This was evident in Warden Hetrick's response to Plaintiff's pleads for help when he said, "It is what it is."  Warden Hetrick, and Fictitious Defendants John Does 4-6 took no corrective action after it was apparent that corrections officers were unjustly beating inmates and violating the Constitutional rights of the inmates under their charge.  By tacitly approving of excessive force and their proclivity to "turn a blind eye" to gross violations of constitutional rights, Warden Hetrick and Fictitious Defendants John Does 4-6 created a policy of brutality and excessive force. This practice is so pervasive as to have the force of law.

103.    This policy of brutality, excessive force and cruel and unusual punishment demonstrates a conscious indifference to the rights secured for all citizens, including Plaintiff, by the Fourth, Eighth and Fourteenth Amendments of the U.S. Constitution. Defendants Gibson, Justin, Martin, Mississippi and John Does 1-3 were acting pursuant to and in conformity with this policy when they jointly and individually beat Plaintiff.

104.    As a direct and proximate result of the foregoing policy and wrongful conduct of Warden Hetrick and Fictitious Defendants John Does 4-6, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XVII

**Violations of 42 U.S.C. § 1983 – Policy and Procedure:**
**Failure to Adequately Train**

105.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

106.    Warden Hetrick and Fictitious Defendants John Does 7-9, failed to adequately train their corrections officers and jailers in the following areas:

    a.    proper escalation of force,

    b.    the use of excessive force,

    c.    the illegality of excessive force,

    d.    the constitutional limits of the use of force,

    e.    the necessity and proper limits of force in a custodial setting; and

    e.    how to properly and dispassionately confront inmates that have angered the officer.

107.    This policy of failing to adequately train its officers shows a conscious indifference to the rights secured by the Fourth, Eighth and Fourteenth Amendments to the citizens of Alabama and Plaintiff in particular. The failure of Warden Hetrick and Fictitious Defendants John Does 7-9, to properly train their corrections officers and jailers is so reckless that misconduct by their corrections officers and jailers was inevitable. This policy of inadequate training was a producing and proximate cause of Plaintiff's injuries and is so pervasive as to have the force of law.

108.    As a direct and proximate result of the failure to train and wrongful conduct of Warden Hetrick and Fictitious Defendants John Does 7-9, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## **COUNT XVIII**

### **Violations of 42 U.S.C. § 1983 – Policy and Procedure:**
### **Failure to Adequately Supervise**

109.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

110.    Warden Hetrick and Fictitious Defendants John Does 7-9, has a practice of failing to properly supervise their corrections officers and jailers. This policy includes both the failure to inquire into the officers' daily activities and the said Defendant's failure to reprimand its officers for the use of excessive force. Failing to supervise, like failing to reprimand, has resulted in tacit approval of excessive force; if no one is watching the officers and the officers are not punished for excessive force, then it is reasonable for the officers to assume that those actions are accepted by Warden Hetrick and Fictitious Defendants John Does 7-9; these assaults were witnessed and known to Warden Hetrick and Fictitious Defendants 7-9, who are supervisors and policy makers. This practice is so widespread that officers do not fear punishment. The failure of Warden Hetrick and Fictitious Defendants John Does 7-9, to properly supervise their officers is so rampant that the practice has the force of law; this practice was the proximate and producing cause of Plaintiff's injuries.

111.    As a direct and proximate result of the failure to supervise and the wrongful conduct of Warden Hetrick and Fictitious Defendants John Does 7-9, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.


**COUNT XIX**

**42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION**
**FAILURE TO INTERVENE**
**(on November 23, 2019)**


112.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

113.     This cause of action is brought against the Fictitious Defendants John Does 10-12 for their failure to intervene to prevent Defendant Ronald Gibson from violating Plaintiff's constitutional rights on November 23, 2019.

114.     Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force.

115.     Fictitious Defendants John Does 10-12 failed to prevent excessive force and/or cruel and unusual punishment from being committed against Plaintiff when they had a reasonable opportunity to do so.  The failure of Fictitious Defendants John Does 10-12 to intervene is a violation of the Fourth, Eighth, and Fourteenth Amendment and as such is actionable under 42 U.S.C. § 1983.

116.     As a direct and proximate result of the failure to intervene and the wrongful conduct of Fictitious Defendants John Does 10-12, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XX

**42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION
FAILURE TO INTERVENE
(on November 24, 2019)**

117.     Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

118.     This cause of action is brought against the Fictitious Defendants John Does 10-12 for their failure to intervene to prevent Defendant Ronald Gibson from violating Plaintiff's constitutional rights on November 24, 2019.

119.    Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force.

120.    Fictitious Defendants John Does 10-12 failed to prevent excessive force and/or cruel and unusual punishment from being committed against Plaintiff when they had a reasonable opportunity to do so.  The failure of Fictitious Defendants John Does 10-12 to intervene is a violation of the Fourth, Eighth, and Fourteenth Amendment and as such is actionable under 42 U.S.C. § 1983.

121.    As a direct and proximate result of the failure to intervene and the wrongful conduct of Fictitious Defendants John Does 10-12, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## COUNT XIX

**42 U.S.C. § 1983 CIVIL RIGHTS VIOLATION
FAILURE TO INTERVENE
(on February 19, 2020)**

122.    Paragraphs 3 through 24 are incorporated by reference herein as if set out in full.

123.    This cause of action is brought against the Warden Hetrick and Fictitious Defendants John Does 10-12 for their failure to intervene to prevent Defendant Ronald Gibson from violating Plaintiff's constitutional rights on February 19, 2019.

124.    Law enforcement officers have an affirmative duty to intervene when the officer is aware of constitutional violations in their presence and must take reasonable steps to protect the victim of another officer's use of excessive force.

125.    Warden Hetrick and Fictitious Defendants John Does 10-12 failed to prevent excessive force and/or cruel and unusual punishment from being committed against Plaintiff when they had a reasonable opportunity to do so.   The failure of Warden Hetrick and Fictitious Defendants John Does 10-12 to intervene is a violation of the Fourth, Eighth, and Fourteenth Amendment and as such is actionable under 42 U.S.C. § 1983.

126.    As a direct and proximate result of the failure to intervene and the wrongful conduct of Warden Hetrick and Fictitious Defendants John Does 10-12, the constitutional rights of Mr. Kendall were violated and abridged, and Mr. Kendall has suffered bodily injury, pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

## **GENERAL PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** for each count alleged above, the Mr. Kendall prays for the following relief against all Defendants, separately and severally:

A.  Compensatory damages in an amount the jury finds to be full, fair, adequate, and reasonable;

B.  Punitive Damages in an amount the jury finds to adequately punish Defendants for their conduct and to deter others who are similarly situated;

C.  Reasonable attorney's fees, court costs and expenses, including expert witness fees;

D.  An award of pre-judgment and post-judgement interest at the highest rates allowed by law; and

E.  Such other, further relief as appears reasonable and just.

## **PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

**Attorneys for Plaintiff**

*s/ G. Rick DiGiorgio*
G. Rick DiGiorgio (DIG002)
Julianne Zilahy (ZIL001)
CORY WATSON, PC
2131 Magnolia Avenue South
Birmingham, AL 35205
T: 205-328-2200
F: 205-325-7896
rdigiorgio@corywatson.com
jzilhany@corywatson.com



AlaFile E-Notice

30-CV-2021-900148.00

To:  GEORGE RICHARD DIGIORGIO
rdigiorgio@cwcd.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following alias summons was FILED on 1/26/2022 10:57:40 AM

Notice Date:     1/26/2022 10:57:40 AM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:  OFFICER MARTIN
216 PALUSTRIS STREET
BREWTON, AL, 36426

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following alias summons was FILED on 1/26/2022 10:57:40 AM

Notice Date:     1/26/2022 10:57:40 AM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:   GIBSON RONALD (PRO SE)
      1202 DAILEY STREET
      BREWTON, AL, 36426-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following alias summons was FILED on 1/26/2022 10:57:40 AM

Notice Date:     1/26/2022 10:57:40 AM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:  HETRICK RICHARD (PRO SE)
     ESCAMBIA COUNTY JAIL
     316
     BREWTON, AL, 36642-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following alias summons was FILED on 1/26/2022 10:57:40 AM

Notice Date:     1/26/2022 10:57:40 AM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:   HETRICK JUSTIN (PRO SE)
      39 FISHING VILLAGE CIRCLE
      BREWTON, AL, 36426-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following alias summons was FILED on 1/26/2022 10:57:40 AM

Notice Date:     1/26/2022 10:57:40 AM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:  MISSISSIPPI OFFICER (PRO SE)
ESCAMBIA COUNTY JAIL
316
BREWTON, AL, 36426-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following alias summons was FILED on 1/26/2022 10:57:40 AM

Notice Date:      1/26/2022 10:57:40 AM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov



AlaFile E-Notice

30-CV-2021-900148.00

To:  ZILAHY JULIANNE NICOLE
     JZilahy@CoryWatson.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA

SHANE KENDALL V. RONALD GIBSON ET AL
30-CV-2021-900148.00

The following alias summons was FILED on 1/26/2022 10:57:40 AM

Notice Date:      1/26/2022 10:57:40 AM

JOHN FOUNTAIN
CIRCUIT COURT CLERK
ESCAMBIA COUNTY, ALABAMA
POST OFFICE BOX 856
BREWTON, AL, 36427

251-867-0225
john.fountain@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>30-CV-2021-900148.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA**
**SHANE KENDALL V. RONALD GIBSON ET AL**

**NOTICE TO:** OFFICER MARTIN, 216 PALUSTRIS STREET, BREWTON, AL 36426

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GEORGE RICHARD DIGIORGIO
,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2131 MAGNOLIA AVENUE, BIRMINGHAM, AL 35205
.

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.

*(Name(s))*

01/26/2022                    /s/ JOHN FOUNTAIN          By: _____

*(Date)*                        *(Signature of Clerk)*              *(Name)*

☐ Certified Mail is hereby requested. _____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*            *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____          _____

*(Type of Process Server)*      *(Server's Signature)*              *(Address of Server)*

_____          _____

*(Server's Printed Name)*              *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>30-CV-2021-900148.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF ESCAMBIA COUNTY, ALABAMA**
**SHANE KENDALL V. RONALD GIBSON ET AL**

**NOTICE TO:** RICHARD HETRICK, ESCAMBIA COUNTY JAIL 316, BREWTON, AL 36642

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GEORGE RICHARD DIGIORGIO

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2131 MAGNOLIA AVENUE, BIRMINGHAM, AL 35205

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
pursuant to the Alabama Rules of the Civil Procedure.                                    *[Name(s)]*

| 11/23/2021 | /s/ JOHN FOUNTAIN | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.    _____
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____
*(Date)*

☑ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
Officer Richard Hetrick in Escambia County,
*(Name of Person Served)*          *(Name of County)*

Alabama on 1 / 19 / 22 .
*(Date)*

Private                          Monroe D Myrom          1873 County Road 14
*(Type of Process Server)*       *(Server's Signature)*   *(Address of Server)*

                                 George D Green           Range, Al 36473
                                 *(Server's Printed Name)*  (251) 362 - 5996
                                                           *(Phone Number of Server)*